## W. W. DILL v. J. L. POPE.

|     |     |
| --- | --- |
| 29  | 289 |
| f78 | 38  |

1. LIABILITY *on Contract — Party not Relieved.* A party who purchased property at a stipulated price, agreeing to pay such price upon a certain condition, and thereafter by his own act and of his own volition disables himself from complying with the condition, does not thereby relieve himself from liability for such purchase-money, but on the contrary becomes instantly and absolutely liable therefor.

2. ———— A party to a contract who prevents the performance of any condition, can neither claim benefit nor escape liability from the failure of such condition.

### *Error from Sedgwick District Court.*

ACTION brought before a justice of the peace by *Dill* against *Pope,* to recover $250 with interest from April 15, 1880, being a balance claimed to be due upon the sale of certain mining properties, to wit: A one-twelfth interest in the "Paywell mine," and "Paywell No. 2," in Custer county, Colorado. The defendant filed a bill of particulars demanding judgment for $250 on account of money loaned plaintiff, and for rent of a certain building owned by the defendant and occupied by the plaintiff as and for a saloon. The case was appealed to the district court, where a trial was had at the March Term, 1882, which resulted in a verdict for defendant for $270.40. New trial denied, and judgment accordingly for defendant. *Dill* brings the case here. The opinion states the facts.

*H. G. Ruggles,* for plaintiff in error.

*W. P. Campbell,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action in the district court of Sedgwick county, to recover a balance claimed to be due upon the sale of certain mining properties. The undisputed facts are, that plaintiff sold to defendant a one-twelfth interest in two mines in Colorado for $1,000, one-half of which was paid down, and the balance, according to the plaintiff, to be

19 — 29 KAS.

paid when the defendant made it out of the property sold to him, and according to the defendant, not until it was realized out of mineral taken out of the mining property sold. Without ever having taken any mineral out of the mines, the defendant sold the entire interest purchased from plaintiff, and by such sale received the full sum of $1,000 cash, and a contingent promise of more. The substantial question is, whether if the defendant's version of the contract be correct, he is liable to the plaintiff for the unpaid balance of the purchase-price. In respect to this the district court charged as follows:

"The defendant claims that the last payment of $500 of the purchase-price of the property sold to him, was not to be made until it was realized out of the mineral taken out of the mining property sold to him, and his evidence tends to show that such was the contract. If you find that such was the contract between the parties, then the plaintiff cannot recover."

In other words, the court ruled that as the condition had not been technically and literally complied with, as the defendant had never received anything from mineral taken out of the mine, he was under no liability to plaintiff. In this it enforced the contract by the letter, and ignored the fact that performance of the condition had been rendered impossible by the act of the defendant. In this the court erred. By selling the interest he had purchased, he, holding no other interest in the mine and having no control or right to work it, disabled himself from ever complying with this condition. The moment he did this, his conditional liability on the contract for the unpaid purchase-money became absolute, and such purchase-money became presently due. This is upon the well-settled principle that a party to a contract, who by his own act prevents the happening of a condition, is estopped thereafter to say that such condition has not happened. No party to a contract can interfere to prevent the performance of any condition, and then claim any benefit or escape any liability from the failure of such performance. "In all cases whatever, a promisor will be discharged from all liability when the non-performance of his obligation is caused by the

act or the fault of the other contracting party." (2 Parsons on Contracts, 5th ed., p. 676, and cases in note.) And again, on page 678, the author states: "And generally when one fails to perform his part of the contract, or disables himself from performing it, the other party may treat the contract as rescinded." See also cases cited in note. Authorities might be multiplied indefinitely upon these propositions, but the rule is clear and well settled, and founded in absolute justice, that no party to a contract can either prevent performance by another of any of its conditions, or, on the other hand, disable himself from complying with any condition, and derive any benefit or escape any liability thereby. We think, therefore, that the district court erred. The moment the defendant sold, receiving on such sale enough to cover the amount he had promised to pay, and by such sale disabled himself from ever realizing anything from the mineral taken out of the mine, that moment he waived the condition, and became instantly and absolutely liable to the plaintiff for the unpaid purchase-money. But, say counsel for defendant in error, the court in this instruction did not state the contract exactly as defendant's testimony disclosed it to have been. That testimony was not that Pope was to take the mineral out of the mine, but that Dill himself was to do it. The exact language, as stated by the witness, is: "I will let you have one-twelfth interest for $1,000. You pay me $500 down, and I will take the balance in mineral out of the mine. It is there, I know it is rich, and have no doubt but that I can get it out. He said he would take the $500 in mineral out of the mine himself." We do not think this is enough to change the decision in the case, or to modify the propositions above stated. Pope, by selling, prevented anything being realized out of the mineral taken out of the mine, as against him. Dill had no lien upon Pope's interest for the unpaid purchase-money; and after Pope sold the proceeds of any mineral taken out of the mine, and belonging to that one-twelfth interest, they would go to the purchaser from Pope, and could not be applied by Dill in satisfaction of the unpaid purchase-money.

So that whether Dill or Pope was to do the work of taking the mineral out of the mine, was really immaterial. In either event, the contract contemplated that the mineral was to be the proceeds of Pope's interest in the mine, and when he sold, he either prevented Dill or disabled himself from realizing anything out of the proceeds of that interest. Whether the court erred or not in ruling out the testimony offered by defendant, it is probably unnecessary now to determine. We do not feel warranted in assuming that the testimony offered would have proved the fact alleged. The effect of such a fact, if true and proven in the subsequent trial, may then be considered.

The judgment of the district court will be reversed, and the case remanded for a new trial.

All the Justices concurring.