**SIMMS OIL CO. v. COLQUITT.**
(No. 1067–4770.)

Commission of Appeals of Texas, Section A. Feb. 22, 1928.

Mines and minerals ⟲74 — Assignment of lease requiring payment of consideration out of first oil did not bind assignee to drill.

Where under original oil lease, lessee was obligated to conduct drilling operation or pay rental, agreement of lessee's assignee, to pay consideration for assignments out of first oil produced and marketed off premises did not obligate assignee to drill, since assignment of right under lease gave assignee right either to drill or to pay rental.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Suit by O. B. Colquitt against the Simms Oil Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (289 S. W. 98), and defendant brings error. Judgments of the district court and Court of Civil Appeals reversed, and judgment rendered for defendant.

See, also, 296 S. W. 491, and 298 S. W. 892.

T. A. Knight and Thompson, Knight, Baker & Harris, all of Dallas, for plaintiff in error.

Bailey & Bailey, of Dallas, for defendant in error.

HARVEY, P. J. On January 25, 1917, the owners of a tract of 160 acres of land in Young county executed an oil lease, covering the land, to the defendant in error, O. B. Colquitt, and one J. N. Graves. Among the provisions of said lease it was provided as follows:

"It is agreed that this lease shall remain in force for the term of 5 years from this date, and as long thereafter as oil and gas, or either of them, is produced therefrom by the party of the second part [Colquitt and Graves]. The party of the second part agrees to commence operations for drilling a well on said premises within 8 months from the date hereof, or pay rental at the rate of 50 cents per acre per year while such commencement of operation for drilling is delayed."

Subsequent to the execution of the lease, the defendant in error and Graves partitioned the leasehold between themselves, whereby the former became the holder in severalty, of the leasehold in the tract of 40 acres involved in this suit. Thereafter, on September 3, 1921, the defendant in error assigned to the plaintiff in error, the Simms Oil Company, the lease and all his rights thereunder, so far as said 40 acres were concerned. The lease, with respect to the 40 acres, was then reasonably worth $14,000. The assignment was in writing and contained the following provisions;

"Now, therefore, for and in consideration of $7,000 cash in hand paid by Simms Oil Company, the receipt of which is hereby acknowledged, and $7,000 to be paid out of one-half of seven-eighths of the first net oil produced and marketed off of the hereinafter described premises, the undersigned, the present owner of said lease and all rights thereunder or incident thereto, in so far as the tract hereinafter described is concerned, does hereby bargain, sell, transfer, assign, and convey all rights, title, and interest of the original lessee and present owner in and to said lease and the rights thereunder, in so far as it covers [the 40 acres involved in this suit], together with all personal property pertaining thereto or used in connection therewith, to the Simms Oil Company and its successors and assigns."

The Simms Oil Company paid the defendant in error the $7,000 cash consideration re-

cited in the assignment. At the time the assignment was made there had been no drilling on the land, and at the time of the trial of this case there had been no oil produced and no efforts on the part of the oil company to produce oil from the land. The defendant in error brought this suit against the Simms Oil Company seeking to recover the sum of $7,000, being the amount of the deferred part of the consideration for the above assignment. Upon trial with jury, the trial court instructed a verdict in favor of Colquitt for the recovery of the sum sued for, and rendered judgment accordingly. The Court of Civil Appeals affirmed that judgment. 289 S. W. 98.

The defendant in error contends that, under the implied terms of said assignment, the oil company became obligated to him to make reasonable efforts to produce the oil from which his claim is payable, and because of the breach of that obligation by the company, he is entitled to recover the amount of his claim, in money, as liquidated damages.

It will be observed that, under the express terms of the lease, the defendant in error was obligated to the lessors to conduct drilling operations or pay rental. The contention of the oil company is to the effect that, because the defendant in error had the right, as between himself and the lessors, to elect which of the two obligations to perform, his assignment of the lease, and all his rights thereunder, to the oil company, and his receipt of a substantial sum in cash as part of the consideration therefor had effect to invest the company with the right to pay to the lessors, at the election of the company, the rental stipulated in the lease, in lieu of making efforts to produce the oil from which the defendant in error's claim is payable. This contention of the oil company is supported by the decision of the Court of Civil Appeals, at San Antonio, in the case of Greenwood & Tyrrell v. Helm, 264 S. W. 221; in which case a writ of error was denied by the Supreme Court. By the authority of that decision, we are constrained to hold that, under the assignment in question, the oil company did not become unconditionally obligated to the defendant in error to make efforts to produce oil from the leased premises. Inasmuch as the payment of the claim sued on is contingent upon the production of oil from the land, and no oil had been produced at the time the suit was brought and the trial was held in the court below, the claim had. not matured.

We recommend that the judgment of the trial court and that of the Court of Civil Appeals affirming same be reversed; and that judgment be here rendered for the plaintiff in error, subject to the right of defendant in error to recover the amount of his claim out of oil, in the event developments under the lease subsequent to the filing of this suit should produce oil from said leased premises.

NICKELS, J., not sitting.

GREENWOOD and PIERSON, JJ. Judgments of the district court and Court of Civil Appeals reversed, and judgment rendered for plaintiff in error, as recommended by the Commission of Appeals.