DOEHRING et al. v. GULF PRODUCTION CO. (No. 9182.)

Court of Civil Appeals of Texas. Galveston. June 6, 1928.

Rehearing Denied July 12, 1928.

1. Appeal and error ⚭933(4)—Where judgment was entered after introduction of plaintiffs' written evidence, plaintiffs were not entitled to reversal on showing that petition was sufficient.

Where, after general demurrer had been interposed to plaintiffs' petition, and plaintiffs had introduced documentary proof and stated their intention to offer oral testimony, court held that under allegations in petition and evidence they were not entitled to recover, adverse judgment was rendered on both pleadings and evi-

dence and plaintiffs were not entitled to reversal on mere showing that cause of action might have been stated in their petition, giving it the benefit of every reasonable intendment.

2. Mines and minerals ⚭55(2)—Where plaintiffs' predecessor had given warranty deed relieving grantee from developing oil property, plaintiffs could not recover from grantee's lessee for failure to develop.

Where plaintiffs' predecessor in interest executed warranty deed by which grantee was relieved from any duty to develop, explore, or drill land for oil, and royalty interest reserved by plaintiffs' predecessor was made wholly contingent on production of oil, plaintiffs as holders of the royalty interest could not require lessee of grantee under the warranty deed to develop the property or recover damages or royalties on lessee's failure to develop it.

3. Mines and minerals ⚭79(1)—Assignees of royalty interest, not parties to oil lease contracts, could not sue for negligent breach thereof.

Persons holding royalty interest in oil property from one who had previously executed warranty deed to the property were not entitled to sue for negligent breach by lessee of oil lease contracts given by the grantee under the warranty deed; plaintiffs not being parties to the lease contracts.

4. Mines and minerals ⚭78(7)—Suit against lessee for failure to develop oil property was properly withdrawn from jury for failure to show possibility of profitable oil production or defendant's negligence.

Where, in action for damages for breach of contract to drill for oil on property covered by oil lease, there was no evidence tending to show that property involved could have been made to produce oil in paying quantities, or that lessee had been negligent in respect thereto, the case was properly withdrawn from the jury.

Error from District Court, Harris County; Ewing Boyd, Judge.

Suit by P. C. Doehring and another against the Gulf Production Company. Judgment for defendant, and plaintiffs bring error. Affirmed.

W. Owen Dailey and Ralph W. Plummer, both of Houston, for plaintiffs in error.

D. Edward Greer, John E. Green, Jr., Claude McCaleb, John Broughton, and Peveril O. Settle, all of Houston, for defendant in error.

GRAVES, J. The litigants will be designated in the opinion like they were in the trial court, plaintiffs and defendant. The suit was by the plaintiffs, who claimed that they owned a royalty interest therein, against the defendant to recover damages for its alleged breach of a contract to drill for oil upon 1½ acres of land in the William Dyson League in Orange county, as well as for injury to the oil-bearing qualities of the land, upon allegations to the general effect that

defendant had not made due efforts to properly develop the land for oil, but, on the contrary, had negligently drilled three wells thereon in such a way as not only not to produce oil, but also to injure the property itself as mineral-bearing land.

The defendant answered with general demurrer, general denial, plea of not guilty, and specially averred that it was under no duty whatever to the plaintiffs to develop the property for oil or other minerals, but that it had in fact drilled three wells thereon at the cost of about $137,000 in a good-faith effort to discover and produce oil therefrom, and, being unable to do so, had thereafter returned and surrendered the premises to its lessors, who were other parties than the plaintiffs.

The court overruled the defendant's general demurrer to the plaintiffs' trial petition, and the cause went to trial before a jury; the plaintiffs introducing their evidence. After the plaintiffs had introduced three deeds relating to the 1½ acres or to interests therein, first, one from Bichon Granger of March 13, 1920, to C. L. Adams and J. E. Pattillo; second, one from C. L. Adams of March 27, 1920, to P. C. Doehring and W. F. Cleveland; and, third, a certified copy of one from C. L. Adams and J. E. Pattillo to D. F. Boyles, the further proceedings of the trial are thus reflected in the concluding portion of the trial court's judgment:

"(4) The plaintiffs next offered to introduce in evidence an original deed from W. F. Cleveland and wife, Mrs. Leonora Cleveland, to P. C. Doehring, covering numerous tracts of land and royalty interests, among which is:

"'All of E. F. Cleveland's right, title and interest in and to all lands, mineral rights and oil royalties owned by him in the county of Orange, state of Texas, being the same property and interest conveyed by W. F. Cleveland to Jacob Dannebaum, trustee, by instrument dated July 5, 1923, recorded in volume M, pp. 20–22, of Real Estate Mortgage Records of Orange County, Texas.'

"Whereupon defendant's counsel stated to the court the defendant desired to object to the introduction in evidence of said instrument, and asked that the jury be withdrawn for argument. Whereupon the jury were retired from the courtroom and argument heard from both sides as to the admissiblity of the instrument. The court sustained the defendant's objections to the introduction in evidence of said instrument and the same was excluded.

"Whereupon counsel for the plaintiffs stated to the court that the plaintiffs would offer certain oral evidence, to which counsel for the defendant stated that certain objections would be made, which objections the court advised counsel for plaintiffs would necessarily be sustained and such oral evidence excluded, in view of the evidence introduced by the plaintiffs and the allegations set forth in the plaintiffs' petition upon which the case went to trial.

"It appears to the court that this suit was filed December 13, 1926, in the district court of Harris county, Tex., by the plaintiffs P. C. Doehring and Ben M. Burger against the defendant, Gulf Production Company, to recover damages because of the defendant's alleged failure to properly develop and explore for oil the 1½ acres referred to in Orange county, and that thereafter both the plaintiffs and the defendant amended their respective pleadings, so that the case went to trial on the plaintiffs' third amended original petition and defendant's fourth amended answer.

"And it further appearing to the court, from plaintiffs' said petition, as well as defendant's said answer, on which the case went to trial, that on December 6, 1920, D. F. Boyles and John Hamman, as lessors, executed to the Gulf Production Company the lease referred to in the plaintiffs' petition, a copy of which is attached to defendant's answer, and thereafter, on November 13, 1922, John Hamman, the Consolidated Royalties Company, and D. F. Boyles executed to the Gulf Production Company the second lease referred to and copied from in plaintiffs' petition, a copy of which is attached to defendant's answer. And the plaintiffs in this cause were not parties to either of said leases, nor were the said leases made for their benefit, but the same were executed by D. F. Boyles, and/or those holding under him, to the Gulf Production Company.

"It further appears to the court, from plaintiffs' petition, as well as the evidence introduced by them, that C. L. Adams executed the transfers or conveyances under which the plaintiffs claim, after he, the said C. L. Adams, and J. E. Pattillo had executed the general warranty deed (dated March 13, 1920) to D. F. Boyles, under whom the defendant holds the leases, which general warranty deed expressly provides that the said D. F. Boyles shall not be required, under any circumstances or conditions, to develop, explore, or drill upon the land for oil, etc., and the plaintiffs in this cause can have no greater rights in the premises than their grantors Adams or Pattillo, who could not require D. F. Boyles, or those holding under him, to develop the land for minerals.

"Whereupon plaintiffs' counsel stated that the plaintiffs had no evidence that could meet the rulings of the court, and thereupon defendant requested judgment in its favor, but the court advised plaintiffs' counsel that plaintiffs should offer such testimony for the purpose of preserving their bills of exceptions, unless the parties could agree upon what that testimony would be. Counsel for plaintiffs then stated in open court that, if that would be the rulings of the court, they would have no further testimony to offer, and requested permission to withdraw announcement of ready for trial, which was by the court refused, whereupon defendant asked for judgment, and the court withdrew the case from the jury, and the matter was submitted to the court.

"Whereupon the court dismissed the jury, proceeded as if no jury had been demanded, and is of the opinion, under the circumstances, that such general demurrer should be sustained; but is of the further opinion that, under the allegations set forth in the plaintiffs' petition and the evidence introduced by them and the evidence that would have been offered in support of their petition, they are not entitled to recover in this case.

"It is, therefore, the order, judgment, and decree of the court that the plaintiffs take nothing by this suit against the defendant, Gulf Production Company," etc.

From the judgment so rendered the plaintiffs have appealed, without, however, bringing up any bills of exception, proposing as a basis for reversal five propositions, two of which assert error upon the trial court's part in sustaining the defendant's general demurrer to their petition, the other three undertaking in a somewhat involved and detached manner to challenge the court's ruling that they had not shown themselves entitled to recover.

Consideration of all these presentments, as well as the assignments appended at the end of the brief, is objected to on the grounds that no relation nor dependency is shown between any of them; that none properly challenge any ruling of the court; that the first two are without merit because the court did not sustain the general demurrer complained of; that the remaining three are multifarious, unintelligible, not germane to any issue in the case, and involve mere abstract statements, etc.

[1] Concluding, however, to pass upon the general contention intended to be made, we think the court's judgment was correct. As the quotation from it reflects, the defendant's general demurrer was not in fact sustained, the court simply holding that, while the demurrer to their pleadings was good, as the case for the plaintiffs then stood under both their pleadings and proof, after they had introduced the three specified instruments, offered the rejected fourth one, and stated their intention to offer oral testimony, they had not shown themselves entitled to recover; they expressly declined to do more, and reserved no bills of exception to the exclusion of any evidence.

The adverse judgment was therefore rendered on the pleadings and evidence, and the complainants are not entitled to a reversal upon a mere showing that a cause of action might have been stated in their trial petition alone, had it been given the benefit of every reasonable intendment, unclarified by what they had themselves attempted to support it with. So that, testing the ruling by what the trial court is shown by the record to have had before it, we are unable to see how a different one could properly have been made. It thus appears, by findings binding upon this court that:

(1) C. L. Adams and J. E. Pattillo acquired the 1½ acres by general warranty deed from Granger March 13, 1920.

(2) On the same day they conveyed it by like deed to D. F. Boyles for $400, and, in the language of the judgment below:

"And 'in addition to said cash consideration above recited, said grantors shall receive in proportion of one-sixteenth (⅟₁₆) thereof to said C. L. Adams and one-sixteenth (⅟₁₆) to the said J. E. Pattillo, from net production of oil, if any, produced and saved from above-described land'; but the deed expressly provided that 'it is now distinctly understood and agreed that said grantee shall be and is under no duty or obligation whatsoever, either express or implied, or through changed conditions, to drill upon, test, develop, or operate said property, or any part thereof, from loss or drainage of oil through wells, shafts, or other means of mining, or producing on adjoining or other property.' "

(3) Afterwards, on March 27, 1920, Adams, by separate conveyances, transferred the ⅟₁₆ interest he had so reserved in his deed to Boyles to grantees, who in turn passed it on to the plaintiffs herein.

(4) On and subsequent to December 6, 1920, D. F. Boyles and others holding under him made the two lease contracts with the defendant that are declared upon by the plaintiffs as constituting the source of their claimed right to have the land developed for them, but the latter were not parties thereto nor were these leases made for their benefit.

[2] In the first place, since the plaintiffs' predecessor in interest, C. L. Adams, under whom alone they claim, not only expressly relieved his grantee from any sort of obligation to develop the land, but likewise further made any royalty interest reserved to himself wholly contingent upon the net production and saving of oil therefrom, which, it was alleged, had never occurred, plaintiffs could neither require one holding under that grantee to develop the property, nor had any claim in them for royalties matured. Greenwood & Tyrrell v. Helm (Tex. Civ. App.) 264 S. W. 221; Simms Oil Co. v. Colquitt (Tex. Com. App.) 2 S.W.(2d) 421.

[3] In the next place, not being parties to the lease contracts, they were not entitled to sue for the negligent breach thereof. House v. Waterworks, 88 Tex. 233, 31 S. W. 179, 28 L. R. A. 532; Robins Dry Dock & Repair Co. v. Flint, 275 U. S. 303, 48 S. Ct. 134, 72 L. Ed. ——.

[4] Furthermore, the record discloses no evidence, nor the fact of any having been offered, tending to indicate either that the 1½ acres could have been made to produce oil in paying quantities or that the defendant company had been negligent toward anybody in respect thereto. The cause was accordingly properly withdrawn from the jury. Adams v. Bank (Tex. Com. App.) 1 S.W.(2d) 878.

It is true there were averments in the trial petition to the effect that the defendant had, through one of its attorneys, verbally agreed with plaintiffs to develop it, but no proof was made or tendered under them.

It follows that the judgment should be affirmed. That order has been entered.

Affirmed.