### COLQUITT et al. v. EUREKA PRODUCING CO. et al.

### No. 11015.

Commission of Appeals of Texas, Section B.
Jan. 24, 1934.

For former opinion, see 63 S.W.(2d) 1018, which reversed judgment of the Court of Civil Appeals in 45 S.W.(2d) 254.

Marshall & King, of Graham, and Hamilton & Hamilton, of Dallas, and Karl F. Griffith, Roy C. Coffee, and Marshall Newcomb, all of Dallas, for plaintiffs in error.

Fred T. Arnold, of Graham, and Conrad E. Cooper, of Tulsa, Okl., for defendants in error.

SMEDLEY, Judge.

The principal contention of defendants in error on motion for rehearing is that, if the Eureka Producing Company did not acquire the entire leasehold interest in the gas through the assignment executed by Armstrong, it acquired all such interest from Colquitt and Graves through the contract of August 6, 1927. The statement is made in the motion that the commission's opinion ignored and did not even mention that contract. This is not correct. The opinion contains the following:

"Later these parties in order to obtain the drilling of an additional well by defendants in error, released a ½ interest in their royalty thereby reducing Colquitt's interest to a 3/32 and Graves to a 1/32 interest therein."

This reference to the contract of August 6, 1927, is brief, but it shows that the author of the opinion gave consideration to the contract. Furthermore, it is a correct interpretation of the purpose and effect of the contract.

The greater part of this instrument is made up of descriptive paragraphs. After a number of such paragraphs, the instrument contains the following statement of the extent of the interest in and to the oil and gas lease presently owned by first parties Colquitt and Graves:

"Whereas, said J. N. Graves is the present owner of 1/16 overriding royalty interest and O. B. Colquitt the present owner of 3/16 overriding royalty interest in and to the above described oil and gas mining lease."

Then follows a reference to the assignment made by Armstrong to Eureka Producing Company, after which the instrument proceeds to state what it is that is released and assigned by Colquitt and Graves, first parties, to Eureka Producing Company, second party, in the following language:

"Now, therefore, In consideration of the sum of Ten ($10.00) Dollars, cash in hand paid by second party to first parties, the receipt whereof is hereby acknowledged, and the mutual covenants and agreements hereinafter contained, it is agreed between the parties hereto, as follows:

"1. O. B. Colquitt and J. N. Graves, First Parties, agree and do by these presents, release, surrender, assign and deliver to the Eureka Producing Company, Second Party, one-half of their overriding royalty interest, above described, in and to said oil and gas mining leasehold, above described, the same being apportioned as follows:

"3/32 released and assigned by O. B. Colquitt to the Eureka Producing Company, leav-

ing said O. B. Colquitt a remaining interest of $\frac{3}{32}$;

"$\frac{1}{32}$ released and assigned by J. N. Graves to the Eureka Producing Company, leaving J. N. Graves a remaining interest of $\frac{1}{32}$, and—

"Further, do hereby assign, transfer, surrender and deliver all their right, title, claims and interest in and to the above described area out of oil and gas mining lease No. 2825, except the overriding royalty interests herein reserved."

Thus the instrument assigns to Eureka Producing Company ½ of the overriding royalty interest owned by Colquitt and Graves, as it has been above described, in and to the oil and gas, as it has been above described. The interest so owned by them is "above described" in the language first above quoted as a $\frac{1}{16}$ overriding royalty interest owned by Graves and $\frac{3}{16}$ overriding royalty interest owned by Colquitt "in and to the above described oil and gas mining lease." This language is not limited to oil, but it includes all overriding royalty in and to the lease, that is, the gas royalty as well as the oil royalty. The instrument then states that in apportioning the overriding royalty in and to the oil and gas leasehold $\frac{3}{32}$ is released and assigned by Colquitt, leaving Colquitt a remaining interest of $\frac{3}{32}$, and $\frac{1}{32}$ is released and assigned by Graves, leaving Graves a remaining interest of $\frac{1}{32}$. Thus the instrument, both in describing the overriding royalty owned by Colquitt and Graves, and in describing the overriding royalty assigned by them, describes it as overriding royalty in and to the oil and gas lease or leasehold, which obviously means both the overriding oil royalty and the overriding gas royalty.

The paragraph last above quoted assigns to second parties all of the rights and interests of first parties in and to the area out of the lease "except the overriding royalty interests herein reserved." The only overriding royalty interests reserved by the instrument are the remaining interest of $\frac{3}{32}$ left to Colquitt, and the remaining interest of $\frac{1}{32}$ left to Graves, as set out in the next preceding paragraph. These interests are described in that paragraph as being interests in and to the oil and gas leasehold, that is, interests both in the oil and in the gas.

The contract, when the whole of it is taken into consideration, shows that the intention of the parties was that Colquitt and Graves were releasing to Eureka Producing Company, in consideration of its agreement to drill a deep well, ½ of the overriding royalty interests owned by them as described in the instrument, and were reserving the other ½ of such overriding royalty interests. The part of the instrument that describes what they own, what they are releasing, and what they are reserving describes them as overriding royalty interests in and to the oil and gas lease, neither excluding oil nor excluding gas.

The effect of the language which has been discussed is not limited or restricted by the earlier reference to the contract of date April 12, 1921, by which it was agreed that Armstrong should pay certain overriding royalty out of oil. That contract was referred to as a part of the preliminary recitals, and the words "above described" in the assigning or granting paragraph of the instrument have reference, as above stated, to the overriding royalty interests presently owned by Colquitt and Graves as they are described in the paragraph which has been quoted. This is true because the assignment is of "one-half of their overriding royalty interest above described," and only in the quoted paragraph referring to Graves' $\frac{1}{16}$ interest and to Colquitt's $\frac{3}{16}$ interest does the instrument purport to describe the overriding royalty interests owned by Colquitt and Graves.

There is nothing in the contract of August 6, 1927, and nothing in the testimony, indicating an intention of the parties by the execution of that contract to assign a greater interest in the overriding gas royalty than was assigned by the same contract in the overriding oil royalty.

After careful consideration of the motion for rehearing, we recommend that it be overruled.