### PHILLIPS PETROLEUM CO. v. TAYLOR et al.

#### No. 9421.

Circuit Court of Appeals, Fifth Circuit.

Jan. 14, 1941.

For former opinion, see 115 F.2d 726.

T. L. Dyer, of Austin, Tex., for appellant.

Fred B. Wagner, of Brownsville, Tex., and Howell Ward, of Corpus Christi, Tex., for appellees.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

On petition for rehearing, we have before us a question of law which was not fully presented or dealt with on the first appeal of the case. It is whether or not the appellee Gray, as assignor of the mineral lease, under the facts of the case, had an enforceable covenant, either express or implied, to be protected from drainage by his assignee.

In the opinion,[1] we held that the Texas law gave Gray, by implication, an enforceable covenant, and the case of Freeport Sulphur Co. v. American Sulphur Royalty Company,[2] was cited in support of that position. While that case purported to hold, under different facts, only that an express covenant to develop may be determined to exist by interpretation of the contract, it in fact held that an implied covenant to develop was established by the facts. This case, considered alone, does not adequately dispose of the question before us, but, when it is construed in the light of additional authorities, the conclusion heretofore reached seems manifestly correct.

Appellees Taylor and others executed an oil and gas lease to appellee Gray. Gray assigned the lease to appellant, retaining, as his sole consideration, an overriding royalty, payable out of the first oil and gas produced. Personal property and equipment owned by Gray were included in the assignment. The assignee exercised his rights under the assignment, and drilled some producing wells.

The lessors and the lessee-assignor joined in this action to recover damages from the assignee for breach of an alleged implied covenant to protect the premises from drainage. The question goes to the jurisdiction, as well as to the merits of Gray's recovery, because the amount in controversy, exclusive of Gray's claim, does not aggregate $3,000.

It is well settled that, under the lease in the case, the assignee impliedly covenanted to protect the lessor from drainage.[3] To determine whether or not the assignor also has the protection of an implied covenant, the same rules govern as are applied to covenants in contracts between the lessor and lessee;[4] and the obligations between the assignor and assignee are what the contract of assignment makes them, in the light of the provisions of the lease assigned.[5] These rules are to be applied to the facts of this case and to be considered in the light of the law of Texas, that an overriding royalty, created by assignment, is an interest in real estate regarded as a covenant running with the land as between the assignor and assignee, and enforceable by the assignor against the assignee. Emerson v. Little Six Oil Co., 5 Cir., 3 F.2d 265; Colquitt v. Eureka Producing Co., Tex.Com.App., 63 S.W.2d 1018, 67 S.W.2d 224; Holliday v. Erwin, Tex.Civ.App., 85 S.W.2d 355.

Under the facts of this case, the only interest to be enforced by Gray was the overriding royalty. The oil having been drained, the only recourse by which his injury could be compensated lay in a suit for damages. His interest being a covenant running with the land, and enforceable as such, it certainly follows that his protection and the administration of justice require that the right to sue be awarded to him.[6]

The law requires an assignee, who stands in the shoes of his lessee-assignor, to do that which an ordinarily prudent operator would do under the circumstances, having due regard for the interests of all parties.[7] When a mineral lease is purchased, the lessee or his assignee must do one or more of three things: He must drill, pay rent, or for-

---

[1] November 1940, 115 F.2d 726.

[2] 117 Tex. 439, 6 S.W.2d 1039, 60 A.L. R. 890.

[3] Brewster v. Lanyon Zinc Co., 140 F. 801, 814; Denker v. Mid Continent Petroleum Corp., 10 Cir., 56 F.2d 725, 84 A.L.R. 756; Stanolind Oil Co. v. Kimmel, 10 Cir., 68 F.2d 520; Guffey Pet. Co. v. Jeff Chaison Townsite Co., 48 Tex. Civ.App. 555, 107 S.W. 609; Texas Co. v. Ramsower, Tex.Civ.App., 255 S.W. 466.

[4] Summers Oil & Gas, Vol. 3, p. 324.

[5] Collins v. Atlantic Oil Producing Co., 5 Cir., 74 F.2d 122.

[6] Cf. Grubb v. McAfee, 109 Tex. 527, 212 S.W. 464; Holliday v. Erwin, Tex. Civ.App., 85 S.W.2d 355; Summers Oil & Gas, Vol. 2, Sec. 553.

[7] Greenwood & Tyrrell v. Helm, Tex. Civ.App., 264 S.W. 221.

feit the lease. If he drills and finds oil, he neither rents nor forfeits, but he pays the royalty, and he must develop the property diligently; if he does not drill, but retains the lease, he must pay rental; if he neither drills nor pays rent, he must forfeit his lease. For the protection of the lessor, the law imposes upon the assignee the duty, when he drills, to exercise reasonable prudence solely in order to prevent loss to the lessor of that which is rightfully his, be the loss by drainage or refusal to capture or surrender the lease. This duty, where not expressed, is imposed by implied covenant. Applying the same principle to the assignor and assignee in this case, it seems entirely reasonable to impose a similar duty.

It has been held that a contract which requires the assignee to advance money for drilling implies a covenant to develop.[8] The same reasoning, we think, raises an implied covenant in this case where the duty was owed to the lessor and where the only consideration moving to the assignor for a conveyance of minerals and of oilfield equipment was an overriding royalty from the first oil produced. Unless such an obligation be imposed, the conveyance is wholly without consideration.

The conclusion that the assignor has an implied covenant seems to be entirely in harmony with the related Texas decisions. The courts of that state have held that the retention of an overriding royalty, payable from the first oil produced, did not bind the assignee to drill where no duty to drill was owed the lessor, giving rise to an unmistakable inference that, had the duty been owed to the lessor, the right to the duty and its enforcement would be present in the assignor.[9] In one case, judgment was rendered subject to the right of the assignor to recover the amount of the claim out of the oil produced, in the event that development under the lease subsequently created the implied covenant to develop with reasonable diligence.[10]

The conclusion reached by us can prejudice no one, since the implied covenant in favor of the lessor already has placed the onus of drilling or compensating for the failure so to do, and this obligation is not increased by our holding. Under any other holding, the assignor, his consideration consisting of royalty alone, might be seriously prejudiced by deprivation of his only enforcement privilege.

The petition for rehearing is denied.

---

[8] Stanolind Oil Co. v. Kimmel, supra; Patsy Oil & Gas Co. v. Baker, 127 Okl. 76, 259 P. 864.

[9] Greenwood & Tyrrell v. Helm, Tex. Civ.App., 264 S.W. 221; Simms Oil Co. v. Colquitt, Tex.Com.App., 2 S.W.2d 421.

[10] Simms Oil Co. v. Colquitt, supra.