NATURAL GAS DISTRIBUTING COR-
PORATION et al., Appellants,

v.

C. Murel WILLIAMS, Appellee.

No. 6041.

Court of Civil Appeals of Texas.

Beaumont.

May 31, 1956.

Rehearing Denied June 27, 1956.

Reeves & Reeves, Tyler, for appellants.

Collins, Garrison, Renfrow & Zeleskey, Lufkin, for appellee.

R. L. MURRAY, Chief Justice.

This is a plea of privilege case. The appellee, C. Murel Williams, sued the appellant, Natural Gas Distributing Corporation and one Roberts, to recover damages allegedly arising because of the violation of the provisions of an assignment to Williams by the appellant of an overriding royalty interest in the oil, gas and other minerals in a gas unit known as the Williams Gas Unit, on land located in Shelby County, Texas. The suit was filed in the district court of Shelby County. Appellant filed its plea of privilege to be sued in Smith County, where it is domiciled and where its principal office is located. The appellee Williams duly controverted this plea and alleged that Sections 5 and 14, Article 1995, Vernon's Texas Statutes, Annotated, applied as exceptions to exclusive venue in the county of a defendant's residence or domicile.

The trial court had a hearing on the plea and overruled such plea of privilege. Appellant has duly perfected its appeal to this court for review of such action of the trial court.

The appellant says, by its Points of Error Nos. 1 and 2, that the pleadings of the appellee and the undisputed evidence reflect that his suit is not one involving damages to land, and that appellant did not contract in writing to perform in Shelby County the contract which is the basis of the suit. Under its Points Nos. 3 to 6, inclusive, the appellant complains of the trial court's findings of fact, its conclusions of law and the trial court's refusal to make certain requested findings of fact and requested conclusions of law.

The only testimony introduced at the trial was by appellee. The appellee introduced his petition and his controverting affidavit in evidence. The appellee also introduced an oil, gas and mineral lease between H. P. Williams and Ruby May Williams et al., lessors, and defendant, lessee. Appellee also introduced in evidence an amendment to the said oil, gas and mineral lease, likewise between H P. Williams and Ruby Williams et al., lessors, and appellant, lessee. Appellee testified that he had no interest in the oil, gas and other minerals under the said lease and amendment.

Appellee introduced in evidence an assignment of an overriding royalty interest in the entire gas unit, designated as the Williams Gas Unit, wherein the aforesaid Williams lease was placed. This assignment states in substance that C. Murel Williams caused a lease on a 50 acre tract of land in Shelby County, Texas, from H. P. Williams et al., to Natural Gas Distributing Corporation, to be prepared and signed, procured an abstract covering such land and rendered other services and, as consideration for these services, the Natural Gas Distributing Corporation conveyed to C. Murel Williams, subject to the lease on the 50 acre tract of land and subject to all the other leases combined with the Williams lease in the Williams Gas Unit, an undivided 1/8th of 7/8ths of all the oil and gas produced from the Williams Unit. No oil as such was produced from the Williams Unit and the assignment pertains to gas and casinghead gas, insofar as this suit is concerned. The assignment provides that on dry gas or casinghead gas, when marketed from said leases, that C. Murel Williams would be paid 1/8th of 7/8ths part of the net proceeds at the well derived therefrom, free and clear of all costs other than production, severance, pipe line, sales and other direct taxes and that on casinghead gas or other gaseous or vaporous substance produced from the leases in the Williams Gas Unit and used in the manufacture of gasoline, C. Murel Williams would be paid 1/8th of 7/8ths part of the current market value at the wells of such casinghead gas or other gaseous or vaporous substance. The assignment further stated that it was expressly agreed that operations, if any, on the said premises and the extent and duration thereof, as well as the preservation of the leaseholds or either of them by rental payments or otherwise would be solely at the will of Natural Gas Distributing Corporation, its successors or assigns.

Appellee testified that his only claim against appellant was by virtue of the aforesaid assignment. The appellee further testified that the said assignment was executed in Smith County, Texas, was delivered to appellee's attorney in Smith County, Texas; and that the appellee's attorney delivered said assignment to appellee in Harris County, Texas.

In response to the request of the appellant, the court filed findings of fact to the effect that plaintiff's petition discloses that plaintiff's suit is for damages to an overriding royalty interest in 50 acres of land described in plaintiff's petition; that the 50 acre tract of land described in plaintiff's petition is situated in Shelby County, Texas; that the petition discloses that plaintiff's suit is for a breach of an overriding royalty contract signed by the defendant in favor of the plaintiff; that the overriding royalty contract was made subject to the terms of the oil and gas lease which was introduced in evidence at the hearing; that the place for perform-

ance of the obligations which defendant is alleged to have breached is expressly named in the overriding royalty contract and the oil and gas lease, to-wit, on the parcel of land in Shelby County, Texas, described in said two instruments and also described in plaintiff's petition; that the defendant's obligations under the said overriding royalty contract and the oil and gas lease, which the plaintiff's petition alleges were violated by defendants, are the obligation to prevent drainage of oil, gas and other minerals from the premises by other producers and the obligation to pay plaintiff the average field market price for the gas produced; and that the defendant, Natural Gas Distributing Corporation, was a corporation, having its residence in Smith County, Texas, and that such county was its residence at all times pertinent to this action.

The trial court filed conclusions of law to the effect that an overriding royalty interest, such as the one alleged by plaintiff to be owned by him, is an interest in land, as contemplated by the words of Subdivision 14 of Article 1995, V.A.T.S.; that since the suit is brought for damages to land situated in Shelby County, Texas, venue lies in such county by virtue of the provisions of Subdivision 14 of Article 1995, V.A.T.S.; and that since the defendant has contracted in writing to perform the alleged obligations sued on in Shelby County, Texas, venue lies in such county by virtue of the provisions of Subdivision 5 of Article 1995, V.A.T.S.

Thereupon, appellant filed its exception to the trial court's finding of fact and requested that in lieu of the court's finding of fact No. 1, that the court find that plaintiff's petition discloses that the only possible damage to the 50 acre tract of land described in said petition is predicated solely upon the allegations of Paragraph 8 of such petition to the effect that the defendant produced less gas from the Williams Unit than the well situated thereon is entitled to produce and that by placing leases obtained by plaintiff in units other than the Williams Unit, the Williams Unit contained less acreage than was necessary and proper and such Unit was given a smaller allowable by the Railroad Commission of Texas and by virtue thereof the defendant has wrongfully, negligently and fraudulently produced less gas than it should have produced, permitting the land situated in the Williams Unit to be drained by wells on adjoining tracts of land.

Appellant requested that the trial court adopt, in lieu of its finding of fact No. 2, the finding of fact that plaintiff's controverting affidavit discloses that the only possible damage to the 50 acres of land described in said petition is predicated solely upon the allegations of Paragraph 8 of such petition, to the effect that the defendant produced less gas from the Williams Unit than the well situated thereon is entitled to produce and that by placing leases obtained by plaintiff in units other than the Williams Unit, the Williams Unit contained less acreage than was necessary and proper and such unit was given a smaller allowable by the Railroad Commission of Texas and by virtue thereof the defendant has wrongfully, negligently and fraudulently produced less gas than it should have produced, permitting the land situated in the Williams Unit to be drained by wells on adjoining tracts of land.

Appellant requested that the trial court adopt in lieu of its finding of fact No. 6 the finding of fact that the place of performance of any obligation allegedly breached by defendant is not expressly named in the overriding royalty contract dated May 2, 1953, from Natural Gas Distributing Corporation to C. Murel Williams.

Appellant requested that the trial court delete from its finding of fact No. 7 that portion of such finding of fact reading "and the obligation to pay plaintiff the average field market price for the gas produced", and appellant requested that

the court adopt as an additional finding of fact that the obligation of defendant to pay "the average field market value for gas" is not set out in the assignment from Natural Gas Distributing Corporation to C. Murel Williams, dated May 2, 1953.

Appellant further requested the court to make the additional finding of fact that plaintiff's petition discloses that his cause of action is predicated entirely upon the assignment from Natural Gas Distributing Corporation to C. Murel Williams, dated May 2, 1953; that plaintiff's controverting affidavit discloses that his cause of action is predicated entirely upon the assignment from Natural Gas Distributing Corporation to C. Murel Williams, dated May 2, 1953; and that plaintiff does not now own and never has owned any interest in the oil, gas and other minerals in and under the 50 acre tract of land described in his petition and in the lease which was introduced in evidence, save and except such interest as he may have acquired under the assignment from Natural Gas Distributing Corporation to C. Murel Williams, dated May 2, 1953.

Appellant further requested that in lieu of the trial court's conclusions of law that the court adopt conclusions of law that plaintiff's suit, as disclosed by his petition, is not a suit for damages to land situated in Shelby County, Texas, within the meaning of Subdivision 14 of Article 1995, Revised Civil Statutes of Texas; that venue of this suit will not lie in Shelby County, Texas, under the provisions of Subdivision 14 of Article 1995, Revised Civil Statutes of Texas; that the defendant has not contracted in writing to perform in Shelby County, Texas, the obligations alleged in plaintiff's petition and in his controverting affidavit; and that venue will not lie in Shelby County, Texas, under Subdivision 5 of Article 1995, Revised Civil Statutes of Texas.

The trial court overruled appellant's requested findings of fact and conclusions of law.

In his original petition, appellee alleged:

"1. Said lease covering the 50-acre tract in the William Snyder Survey, Shelby County, Texas.

"2. Said assignment provided, among other things, that the plaintiff was conveyed one-eighth of eight-*eights* overriding royalty in and under the oil, gas and mineral lease hereinabove mentioned and in and under any and all other leases with which the fifty-acre tract of land belonging to his parents should be unitized or pooled.

"3. And the defendant, Natural Gas Distributing Corporation, thereupon formed a gas production unit known and described as the 'H. P. Williams Gas Unit of the Joaquin Field, Shelby County, Texas.'

"4. The defendants have consistently produced less gas from the Williams Unit than such well is entitled to produce.

"5. In placing leases obtained by plaintiff in other units rather than the Williams Unit, the Williams Unit contains less acreage than is necessary and proper, and is given substantially smaller allowable by the Texas Railroad Commission.

"6. By virtue thereof, the defendants have wrongfully, negligently and fraudulently produced less gas than they should have produced, permitting the Williams Unit lands to be drained by surrounding wells.

"7. The well which defendants have been operating on the H. P. Williams Unit, as aforesaid, produces along with the gas, large quantities of distillate and other valuable fluids, and had proper methods been used, defendant could have recovered from said well since August 18, 1953, 1839 barrels of distillate; however, the defendants have carelessly and negligently failed to use proper methods.

"8. Furthermore the additional gas which should have been produced by the defendants, as set forth above, would have produced 250 barrels of distillate."

■ In determining whether Subsection 14 of Article 1995, V.A.T.S. (the venue statute) applies to appellee's suit, only two facts are material, that is, (1) that the suit is for recovery of land or for damages thereto and (2) that a part of the land lay in Shelby County where the suit was filed. Under Piazza v. Phillips, 153 Tex. 115, 264 S.W.2d 428 the plaintiff in the trial court on such a hearing as this in regard to Subsection 14 on a plea of privilege was not required to establish by evidence other than his petition that the defendant was at least prima facie liable for the damages sought. The assignment of the overriding royalty interest by appellant to appellee was a conveyance of a determinable fee to the minerals in place, an interest in land. Colquitt v. Eureka Producing Co., Tex.Com.App., 63 S.W.2d 1018, Id., Tex.Com.App., 67 S.W.2d 224, and cases cited therein. As we construe the matters alleged in the petition of the appellee, the dominant purpose of the suit is to recover for damages to the appellee's interest in the land in Shelby County. His only interest in that land was that interest which he acquired by the assignment to him by the appellant of an overriding royalty in such land. When he alleged that because of certain acts of the appellant, or failure to act, the appellee's profits from such overriding royalty interest had been lessened, he alleged injury and damage to appellee's interest in that land. We hold that this pleading alleged a suit for damages to land; on the authority of Frost v. Standard Oil Co. of Kansas, Tex.Civ.App., 107 S.W.2d 1037; Humble Oil & Refining Co. v. Monroe, Tex.Civ. App., 129 S.W.2d 454. The trial court did not err therefore in holding that Subsection 14 of Article 1995 applied and was correct in overruling appellant's plea of privilege.

In view of our holding that the appellee properly satisfied the trial court that his suit could be maintained in Shelby County because his suit was brought for damages to an interest in land in that county, we think it is not necessary to determine whether the appellee showed on the trial that he brought his suit for the purpose of enforcing an agreement in writing which provided specifically that it was to be performed in Shelby County, the county of suit. We make no holding on this contention, since it is not necessary in order to dispose of this appeal.

We believe that the plea of privilege of the appellant was properly overruled, and the judgment of the trial court is affirmed.