Cathleen C. GRIFFIN, Administratrix, Appellant,

v.

Waunette COLLINS et al., Appellees.

No. 6713.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 10, 1958.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, Porter & Lowe, Clarendon, for appellant.

Bullington, Humphrey, Humphrey & Fillmore; Arch Dawson, Wichita Falls, Little & Gilliland, Big Spring, for appellees.

PITTS, Chief Justice.

This appeal is from a judgment rendered in a venue action which arose out of an original suit filed in Donley County, Texas, by appellant, Cathleen C. Griffin, Administratrix of the estate of T. L. Griffin, deceased, against appellees, Waunette Collins and T. L. Griffin II, on August 4, 1956, seeking relief under the Uniform Declaratory Judgments Act. In the principal suit appellant sought to have the terms of certain oil and gas leases legally construed to determine if such or any part thereof constituted community property between herself and her deceased husband, T. L. Griffin, or if it were separate property of the deceased, and to have appellees enjoined from filing other similar suits in other courts involving the same questions here raised. Appellees, as direct descendants of T. L. Griffin, deceased, by a former marriage, filed pleas of privilege seeking to have the primary case transferred to Borden County, Texas, for trial, the county where all of the land covered by the alleged leases is located, alleging further that none of the lands in question was located in Donley County and that neither of the appellees resided in Donley County but that they resided in Wichita and Scurry counties respectively. Appellant filed a controverting affidavit joining issues with appellees on the venue questions.

On December 20, 1956, the trial court heard without a jury the venue issues only and rendered judgment sustaining the pleas of privilege and ordering the case transferred to Borden County, Texas, based upon a finding therein made to the effect that the principal suit is one to recover title to land located in Borden County and is therefore governed by Sec. 14, Art. 1995 of the Texas Civil Statutes. Appellant perfected her appeal and presents here one point of error charging that error was committed by the trial court in sustaining the pleas of privilege and transferring the case. Pending an attempt to settle the case, disposition of the appeal has been delayed in this court by agreement of the parties.

Appellant contends in effect that, although the primary suit is an original suit filed in the district court, it is an ancillary proceeding closely related to previous proceedings had in the probate court of Donley County concerning the mineral leases here involved and all other property belonging to the estate of T. L. Griffin, deceased, in a part of which proceedings appellees participated, and as a result of such proceedings having been heard in the probate court, venue had already been established in Donley County in a hearing on this ancillary action. In her brief appellant asserts that:

"This is an action seeking to determine whether Cathleen C. Griffin in her individual right is entitled to establish and enforce an equitable right in properties, the legal title to which on its face was vested in T. L. Griffin."

Appellees contend that:

"The community right of the wife in lands standing in the name of the husband is not a mere equitable right, but it is a present equitable title."

They further contend in effect that appellant's equitable title in the land would support an action of trespass to try title and her suit here is in effect one for recovery of land based upon equitable title in which suit venue must lie in Borden County where the land is located. In this connection appellees are relying upon the uncontroverted testimony of appellant to the effect that the land covered by the leases here involved belonged to her deceased husband, T. L. Griffin, who signed the said leases; that none of the said leases covered land located in Donley County but all of the said

leases here involved covered lands located in Borden County. She further testified that appellees were a daughter and grandson respectively of her deceased husband, T. L. Griffin, who died intestate on February 11, 1956, and the record reveals that they bore such relation to him as a result of his former marriage. Appellant also testified in effect that appellees had already filed suit against her concerning property here involved in the district court of Borden County and that she had filed a plea in abatement in that suit.

It is our opinion that whatever interest, if any, appellant may show herself entitled to is an equitable title in the mineral leases; 41-A Tex.Jur. 526–27, Sec. 13; 23 Tex.Jur. 101–103, Secs. 80 and 81; that her equitable title, if any shown, is a royalty interest in land; Natural Gas Distributing Corp. v. Williams, Tex.Civ.App., 292 S.W. 2d 353; Griffith v. Taylor, Tex., 291 S.W. 2d 673; Colquitt v. Eureka Producing Co., Tex.Com.App., 63 S.W.2d 1018; Id., Tex. Com.App., 67 S.W.2d 224. This being an original suit filed in the district court involving matters entirely beyond the jurisdiction of the probate court and not an appeal from any probate proceedings, it is our opinion that venue of this suit was not fixed by any previous proceeding had in the probate court.

Consequently, in our opinion, the controlling question left to be here determined is whether or not this is a suit for the recovery of land within the meaning of Subdivision 14 of Art. 1995, Vernon's Annotated Civil Statutes as was found to be true by the trial court. After a careful examination of the record and the authorities cited it is our opinion that the suit, although cast as one for a declaratory judgment, is essentially for the recovery of land within the exception to the general venue statute fixing venue of such in the county in which the land is located. Renwar Oil Corp. v. Lancaster, 154 Tex. 311, 276 S.W.2d 774.

For the reasons stated appellant's point of error is overruled and the judgment of the trial court is affirmed.