**Benjamin F. STIBA, Individually and as Independent Executor of the Estate of Sidney Katherine Bowers Stiba, Deceased, Appellant,**

v.

**Albert Sidney BOWERS, III, Appellee.**

**No. 13–87–283–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1988.

Ben H. Schleider, Jr., Rob H. Holt, Schleider & Francis, Houston, for appellant.

Robert P. Houston, Brenda J. Heinold, Houston, Marek & Knaupp, Victoria, for appellee.

Before KENNEDY, UTTER and BENAVIDES, JJ.

## OPINION

KENNEDY, Justice.

Benjamin F. Stiba brings the present appeal from a summary judgment rendered against him individually and as the independent executor of the estate of Sidney Katherine Bowers Stiba, deceased, in favor of Albert Sidney Bowers, III. Appellant brings twelve points of error challenging jurisdiction, venue, and the propriety of granting the summary judgment. We reverse the judgment of the trial court and order this case transferred to Harris County district court.

In 1966, Kate L. Bowers (Grandmother), the mother of Sidney Katherine Bowers Stiba (Mother) and the grandmother of appellee, died testate and her will was probated in Calhoun County, Texas. The will gave the majority of the grandmother's estate, which consists partly of land in Calhoun County, Texas, two-thirds to the mother and one-third to be held by the mother in trust for appellee until he attained the age of twenty-five. Provisions were also made for alternate divisions of the property should the appellee die before reaching age twenty-five or should the mother predecease the appellee.

Appellee became twenty-five in 1972 and the mother died in 1984 in Harris County, where her will was probated and appellant was appointed independent executor of her estate.

The present suit was brought in a district court in Calhoun County as a declaratory

judgment action to construe the terms of the grandmother's will and for an accounting of the management of the trust and assets of the estate of the grandmother. One day after he filed the present action, appellee brought similar suits for recovery of his interests under the grandmother's will in Harris County district court and in the Harris County statutory probate court where the mother's estate was pending. In the present action, appellant filed both a plea in abatement and to the jurisdiction, and a motion to transfer venue, both of which were denied by the trial court.

■ By his twelfth point of error, appellant complains that the trial court erred in entering a final judgment rather than an interlocutory judgment, because the judgment failed to adjudicate the remaining rights of the appellee to an accounting. Unless there is a statute specifically authorizing an interlocutory appeal, the Texas appellate courts have jurisdiction only over final judgments. *Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985).

Appellee prayed for a favorable construction of the grandmother's will, an accounting of the management of the trust established for him in the will, and an accounting of the management of the assets of the grandmother's estate. The final judgment construed the will favorably to the appellee, ordered an accounting of the assets inherited from the grandmother's estate by the mother and in her control at the time of the mother's death, and denied all other relief not expressly granted.

A final judgment is one that disposes of all parties and all issues in a lawsuit. However, the problem of whether a judgment disposes of all parties and all issues can be eliminated entirely by inclusion of a simple statement that all relief not expressly granted is denied. *Houston Health Clubs, Inc. v. First Court of Appeals,* 722 S.W.2d 692, 693 (Tex.1986); *Schlipf v. Exxon Corp.,* 644 S.W.2d 453, 454 (Tex.1982); *North East Independent School District v. Aldridge,* 400 S.W.2d 893, 898 (Tex. 1966). Since this statement was included in the present judgment, it is a final judgment

from which an appeal was proper. Appellant's twelfth point is overruled.

By his first three points of error, appellant challenges the trial court's denial of his motion to transfer venue to Harris County, where he resides.

The Declaratory Judgment Act, Tex.Civ. Prac. & Rem.Code Ann. Ch. 37 (Vernon 1986), does not purport to fix venue of suits brought under its terms, and such actions are governed by the rules relating to the venue of civil actions generally. *Citizens Nat. Bank v. Cattleman's Production Credit Assoc.,* 617 S.W.2d 731, 734 (Tex. Civ.App.—Waco 1981, no writ). *H. Molsen & Co. v. Harp and Lovelace,* 516 S.W.2d 433, 436 (Tex.Civ.App.—Amarillo 1974, no writ); Appellee relied upon both the general rule of venue and the mandatory rule for suits to quiet title to real property, as establishing venue in Calhoun County.

■ Under the general rule of Tex.Civ. Prac. & Rem.Code Ann. § 15.001 (Vernon 1986), appellee claims that Calhoun is a county in which part of the cause of action accrued, because the will being construed was probated there, and probate is necessary for the will to become effectual under Tex.Prob.Code Ann. § 94 (Vernon 1980). We must determine whether the act of probating a will is a part of the cause of action for construction of the will under the general rule of venue.

The general rule of venue did not provide for suit in the county in which all or part of the cause of action *accrued* until a 1983 amendment to the prior venue statute, Tex. Rev.Civ.Stat.Ann. art. 1995 (repealed). However, subdivision 23 of the prior statute, which applied to suits against a corporation, association, or joint stock company, provided for venue in the county in which the cause of action or part thereof *arose.* For purposes of the venue statute, the term "cause of action" has the same meaning in both instances. *See Delhi Gas Pipeline Corp. v. Allgood,* 492 S.W.2d 651, 653 (Tex.Civ.App.—Tyler 1973, no writ). The Courts held that a cause of action under subdivision 23 consisted of the factual propositions which establish plaintiff's primary right, and defendant's act or omission

which violated such right. *Lubbock Manufacturing Co. v. Sames*, 598 S.W.2d 234 (Tex.1980); *Stone Fort Nat. Bank of Nacogdoches v. Forbess*, 126 Tex. 568, 91 S.W. 2d 674, 676 (1936); *Houston Pipe Line Co. v. Oxy Petroleum, Inc.*, 597 S.W.2d 57, 60 (Tex.Civ.App.—Corpus Christi 1980, writ dism'd). Such factual propositions are described in law as being *essential* as opposed to merely *evidentiary*. *Houston Pipe*, 597 S.W.2d at 60; *Shamrock Oil & Gas Corp. v. Price*, 364 S.W.2d 260, 263 (Tex.Civ.App.—Amarillo 1963, no writ) (Denton, C.J., concurring); *Hoffer Oil Corp. v. Brian*, 38 S.W.2d 596, 597 (Tex. Civ.App.—Eastland 1931, no writ). The courts, however, gave little guidance on how to distinguish essential from evidentiary facts.

In *Shamrock*, plaintiffs executed a lease agreement with defendant in Potter County concerning gas wells in Sherman County. Defendant had the right to purchase at market value in Potter County plaintiff's portion of the gas defendant produced. Market value was the primary point of dispute in plaintiffs' action based on underpayment. The court held that venue did not lie in Sherman County because no part of the transactions creating or relating to the primary right accrued in that county. Chief Justice Denton's concurring opinion points out that, even though at trial it would be essential for plaintiff to show that gas had been produced under the lease in order to establish his entitlement to payment for that gas, production of gas in Sherman County was still merely an evidentiary matter, and not an essential element constituting a part of the cause of action for venue purposes. *Shamrock*, 364 S.W.2d at 263.

There is no clear distinction between essential facts and evidentiary or background facts. A cause of action ultimately broken down consists of innumerable causal parts leading up to the final transaction or occurrence on which the suit is based. There is a danger in extending the ambit of a "cause of action" to remote evidentiary or background facts which have little relevance to the present case. The existence of the parties, for instance, is a prerequisite to their being able to sue one another in the first place. Yet, we would hardly extend venue to each county in which a party was born or incorporated.

Probate is merely a part of the process by which the courts recognize the validity of a will and the rights it embodies. The will was executed at an earlier time, possibly in a different county, and the rights of the parties under the will vested at the time of the testator's death. Tex.Prob. Code Ann. § 37 (Vernon Supp 1988). Nothing is left for the parties to do but deliver the will to the county court which has jurisdiction of the estate and apply for an order admitting the will to probate. Delivery of the will to the county court, moreover, is not discretionary with the party having custody of a will after testator's death, but is a duty imposed by Tex.Prob. Code Ann. § 75 (Vernon 1980); *Plummer v. Roberson*, 666 S.W.2d 656, 658 (Tex.App. —Austin 1984, writ ref'd n.r.e.).

To say that admitting a will to probate is a part of the cause of action for its construction is like saying that the plaintiff's act of filing a petition in the county of suit is a part of his cause of action because it is a necessary prerequisite to his asserting his rights under the cause of action. Yet this would make the venue statute meaningless, since any county where the plaintiff filed suit would automatically have venue. Correspondence of this type between the parties and the court, though necessary to enforce a party's rights under a cause of action, is not properly a part of that cause of action. Though not easily characterized as either, such correspondence is more an evidentiary than an essential fact in relation to the general venue rule. We hold that the probating of a will is not a part of the cause of action for its construction.

Appellee also relies on the mandatory rule of venue for suits affecting an interest in land, as requiring him to bring his suit in Calhoun County. Tex.Civ.Prac. & Rem. Code § 15.011. (Vernon 1986) (emphasis added) provides:

Actions for *recovery* of real property or an estate or interest in real property, for

*partition* of real property, to *remove encumbrances* from the title to real property, or to *quiet title* to real property shall be brought in the county in which all or a part of the property is located.

Most of the cases dealing with mandatory venue for suits affecting an interest in land, however, were decided under the old venue statute, Tex.Rev.Civ.Stat.Ann. art. 1995 subdivision 14 (repealed) (emphasis added), which provided that:

> Suits for the *recovery* of lands or damages thereto, or to *remove incumbrances* upon the title to land, or to *quiet the title* to land, or to prevent or *stay waste* on lands, must be brought in the county in which the land, or a part thereof, may lie.

■ A plaintiff must establish two venue facts to invoke the mandatory provisions of subdivision 14: (1) the location of the land, and (2) the nature of plaintiff's claim. *Canales v. Estate of Canales*, 683 S.W.2d 77, 80 (Tex.App.—San Antonio 1984, no writ); *First National Bank v. Pickett*, 555 S.W.2d 547, 550 (Tex.Civ.App.—Corpus Christi 1977, no writ). The nature of the suit must be determined solely from the facts alleged in the plaintiff's petition, the rights asserted, and the relief sought. *Renwar Oil Corp. v. Lancaster*, 154 Tex. 311, 276 S.W.2d 774, 775 (1955); *Scarth v. First Bank & Trust Co.*, 711 S.W.2d 140, 142 (Tex.App.—Amarillo 1986, no writ); *Edgar v. Bartek*, 507 S.W.2d 831, 835 (Tex. Civ.App.—Corpus Christi 1974, writ dism'd).

■ The ultimate or dominant purpose of the suit determines whether or not it falls under this section and the mandatory venue provision is inapplicable where the action in question involves title only incidentally or secondarily, and not directly. *See Scarth*, 711 S.W.2d at 142–43; *Canales*, 683 S.W.2d at 81; *Bartek*, 507 S.W. 2d at 835; 1 R. McDonald, Tex.Civil Practice in District and County Courts § 4.22.3, fn. 2 (Rev.1981). Because of its mandatory nature, courts generally gave subdivision 14 a strict construction and refused to apply the exception unless the suit was clearly within one of the categories set out by the statute. *Scarth*, 711 S.W.2d at 142; *Pickett*, 555 S.W.2d at 551; *see also Bennett v. Langdeau*, 362 S.W.2d 952 (Tex. 1962).

■ In the present case we must determine whether a declaratory judgment suit for the construction of a will which disposes of, among other things, land in Calhoun County fixes venue in that county under section 15.011. Even though cast as a declaratory judgment action, a suit may still be primarily for the recovery of land or to quiet title. *Renwar*, 276 S.W.2d at 776; *Griffin v. Collins*, 310 S.W.2d 137, 139 (Tex.Civ.App.—Amarillo 1958, no writ).

Plaintiff's First Amended Original Petition refers to itself in the introductory paragraph as a "Petition for Declaratory Judgment and an accounting." The petition alleges in paragraph II that venue is proper in Calhoun County, partially on the basis that "[m]uch of the property which is the subject of these requested accountings is real estate located in Calhoun County, Texas and shares of stock in banks located in Calhoun County, Texas." Appellee admits in paragraph X., however, that he is uncertain of the extent and character of the property of the estate still on hand, and that this is why he requires an accounting. In paragraph V., appellee asserts that "under the proper construction of the will of Kate L. Bowers, [appellee] is entitled to title and possession of all property of Kate L. Bowers for his life with the remainder to be distributed to his children," and in paragraph VI., "[p]laintiff requests the Court to construe the will ... to determine the rights, liabilites, duties, responsibilities and legal relations of [the parties.]" Finally, appellee prays for "[a] declaration that [under] the will ... [Appellee] is now entitled to the whole of the estate of Kate L. Bowers; ..." and for accountings of the management of the trust and estate.

Appellant points to similar cases in which an action was brought primarily to determine the rights of the parties under a trust or partnership and which incidentally had the effect of determining the respective rights of the parties to real property of the

trust or partnership, but did not establish venue in the county where the property was located. *See Cogdell v. Fort Worth National Bank,* 536 S.W.2d 257 (Tex.Civ. App.—Eastland 1976, writ dism'd), *cert. denied,* 429 U.S. 1096, 97 S.Ct. 1114, 51 L.Ed. 2d 544 (1977). *Shellberg v. Shellberg,* 428 S.W.2d 117 (Tex.Civ.App.—Fort Worth 1968, writ dism'd); *Miller v. Howell,* 234 S.W.2d 925 (Tex.Civ.App.—Fort Worth 1950, no writ).

However, where the action itself is cast as one for the recovery of land or to quiet title, and the parties' rights to land are the sole issue, the mandatory venue rule for suits affecting an interest in land applies, regardless of the fact that the rights must be determined with reference to a will or lease. *See Griffin v. Collins,* 310 S.W.2d 137 (Tex.Civ.App.—Amarillo 1958, no writ); *Knape v. Johanson,* 170 S.W.2d 319 (Tex. Civ.App.—El Paso 1942, no writ); *Gallagher v. Gallagher,* 153 S.W.2d 541, 542 (Tex.Civ.App.—San Antonio 1941, writ dism'd).

We find that the appellee's action as plead is primarily for the construction of a will and not for the recovery of land or to quiet title to land. The primary relief sought is a declaration of the appellee's rights under the will, and that he is entitled to the whole of the estate of Kate L. Bowers. Whether or not the estate is composed largely of real property in Calhoun County is speculative and incidental to the appellee's cause of action. Venue was therefore improper in Calhoun County.

As the place where appellant, the defendant below, resides, Harris County is a proper county of venue under the general rule of § 15.001, and the case should have been transferred there. Appellant's first, second and third points of error are sustained.

Having already determined that the present case should have been transferred to Harris County under the general rule, we need not decide whether venue in the same county is permissive under § 15.031 or mandatory under the Texas Trust Act, as are also alleged in appellant's third point of error. Nor do we address appellant's remaining points of error.

The judgment of the trial court is reversed and this case is ordered transferred to Harris County district court.