MARANATHA TEMPLE,
INC., Appellant,

v.

ENTERPRISE PRODUCTS CO.,
ET AL., Appellees.

No. 01–91–1371–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 16, 1992.
Rehearing Denied Aug. 20, 1992.

Tom F. Coleman, Jr., Thomas Lee Bartlett, David L. Monroe, Houston, for appellant.

Frank W. Morgan, B.D. Griffin, The Woodlands, for appellees.

Before SAM BASS, DUNN and MIRABAL, JJ.

## OPINION

SAM BASS, Justice.

This is an appeal from a summary judgment in a suit involving multiple causes of action.

We reverse and remand.

The plaintiff is Maranatha Temple, Incorporated (Maranatha). The defendants are Atlantic Richfield Company, Lyondell Petrochemical Company, Conoco, Incorporated, Diamond Shamrock Corporation, Diamond Shamrock Refining & Marketing Company, Dixie Pipeline Company, Dow

Chemical Company, Dow Pipeline Company, Enterprise Products Company, Exxon Pipeline Company, Oxy Fractionators, Incorporated, f/k/a Cities Fractionators, Incorporated, Shell Pipeline Corporation, Tenneco Oil Company, Tenneco Natural Gas Liquids Corporation, Houston Oil & Gas Minerals Corporation, Texas Eastern Corporation, Texas Eastern Transmission Corporation, Texas Eastern Products Pipeline Company, Warren Petroleum Company, and Xral Storage & Terminaling Company (collectively, the defendants). All defendants either own or operate petrochemical or hydrocarbon facilities or pipelines in Mont Belvieu, Chambers County, Texas. Maranatha, a Mont Belvieu church, brought suit under several theories of recovery, including negligence, nuisance, trespass, and misrepresentation, to recover for loss of value to its property. Maranatha sued in Harris County, and the trial court, on the defendants' motions, transferred venue to Chambers County. The Chambers County trial court granted summary judgment for the defendants on all causes of action.

In its seventh point of error, Maranatha argues the trial court erred in granting the motions to transfer venue and in transferring the case from Harris County to Chambers County.

Maranatha's original petition named fourteen defendants. Venue was proper in Harris County because many of the foreign corporation defendants had registered agents there. TEX.CIV.PRAC. & REM.CODE ANN. § 15.037 (Vernon 1986). The Harris County court had venue of the action against at least one defendant, so it also had venue of all claims against all defendants unless a mandatory venue exception was raised. TEX.CIV.PRAC. & REM.CODE ANN. § 15.061 (Vernon 1986).

Four of the original defendants filed answers without filing motions to transfer venue. All defendants, however, ultimately brought motions to transfer venue to Chambers County, though several of the motions were brought untimely. In two different orders, the trial court granted the motions, finding in part as follows:

[T]hat plaintiff's allegations concern a conflict in the interests and use and enjoyment of real property. Accordingly, the Court finds that pursuant to § 15.011 of the Texas Civil Practice and Remedies Code, venue of this suit is mandatory in Chambers County, Texas, where the land at issue herein is situated.

The court transferred Maranatha's suit to Chambers County.

■ TEX.CIV.PRAC. & REM.CODE ANN. § 15.011 (Vernon 1986) states as follows: Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property or to quiet title to real property shall be brought in the county in which all or a part of the property is located.

This venue provision applies only when the suit directly involves a question of title to land. *Stiba v. Bowers*, 756 S.W.2d 835, 839 (Tex.App.–Corpus Christi 1988, no writ); *Scarth v. First Bank & Trust Co.*, 711 S.W.2d 140, 142 (Tex.App.–Amarillo 1986, no writ); *Edgar v. Bartek*, 507 S.W.2d 831, 835 (Tex.Civ.App.–Corpus Christi 1974, writ dism'd). The nature of the suit must be determined solely from the facts alleged in the plaintiff's petition, the rights asserted, and the relief sought. *Renwar Oil Corp. v. Lancaster*, 154 Tex. 311, 276 S.W.2d 774, 775 (1955); *Stiba*, 756 S.W.2d at 839.

■ Maranatha's original petition, the active petition when the Harris County court granted the defendants' motions to transfer venue, alleged no facts whatsoever regarding a title to land. Nor did Maranatha assert any rights concerning title to land; seek to recover real property or an estate or interest in real property; seek to partition real property; seek to remove encumbrances from the title to real property; or seek to quiet title to real property.

The relief sought was limited to the following:

[T]hat it have and recover of and from the Defendants, jointly and severally, the amount to be fixed by this Court for its damages which Plaintiff alleges to be in

excess of the minimum jurisdictional limits of this Court, together with exemplary damages and for such other and further relief, both special and general, or in equity, to which the Plaintiff may be justly entitled.

This prayer for relief, like the facts Maranatha alleged and the rights it asserted, does not in any way implicate a title to land.

The Harris County trial court erred when it transferred venue to Chambers County. Maranatha's suit did not directly involve the title to any land, and therefore TEX.CIV. PRAC. & REM.CODE ANN. § 15.011 did not apply.

■ The defendants argue "[a] fair reading of the Original Petition supports the conclusion that Maranatha alleged a claim for inverse condemnation," and because "[t]he essence of an inverse condemnation proceeding is that property has been taken and the property owner is attempting to recover compensation therefor," then Maranatha's suit directly involves a title to land. While we agree with the defendants' characterization of an inverse condemnation proceeding, *see City of Abilene v. Burk Royalty Co.*, 470 S.W.2d 643, 646 (Tex.1971), we do not agree that Maranatha asserted a claim for inverse condemnation.

■ Because of its mandatory nature, we strictly construe section 15.011, and will not hold that it applies unless the plaintiff's suit is clearly within one of the categories set out in the statute. *See Stiba*, 756 S.W.2d at 839; *Scarth*, 711 S.W.2d at 142. The only support for the defendants' argument is found where Maranatha states that its property has "been *virtually* condemned and rendered useless and worthless for the purposes of conducting a church and school thereon" (emphasis added). This is no more than rhetoric utilized by a plaintiff to help make the point that its property is no longer serviceable to it for the purposes for which it was designated. The word "virtually," as defined by Webster, means "almost entirely; nearly;

for all practical purposes." Webster's Ninth New Collegiate Dictionary 1317 (1st ed. 1985). We do not construe Maranatha's complaint that its property has been "virtually condemned" as asserting a cause of action for inverse condemnation, especially where there has been no allegation of a "taking" of its property and no attempt to recover compensation for any "taking." Maranatha's employment of the phrase "virtually condemned" was obviously for effect and does not amount to an assertion of a cause of action for inverse condemnation.[1]

■ The defendants point out that Maranatha claimed the defendants allowed gas to escape onto Maranatha's property and therefore committed trespass. Recall that, for TEX.CIV.PRAC. & REM.CODE ANN. § 15.011 to apply, the suit must directly involve a question concerning the *title* to land. *Renwar Oil*, 276 S.W.2d at 775; *Stiba*, 756 S.W.2d at 839; *Scarth*, 711 S.W.2d at 142. An action for trespass, however, does not directly involve title to land; rather, "[t]he gist of an action of trespass is the injury to the right of *possession*." *Pentagon Enters. v. Southwestern Bell Tel. Co.*, 540 S.W.2d 477, 478 (Tex.Civ.App.–Houston [14th Dist.] 1976, writ ref'd n.r.e.) (emphasis added). Maranatha's trespass claim does not trigger the applicability of section 15.011.

Citing TEX.R.CIV.P. 87(2)(a), the defendants contend "Maranatha did not offer any evidence at the hearing on [defendants'] motions to transfer venue and therefore never met its burden to show that venue was proper in Harris County." Rule 87(2)(a) states in relevant part as follows:

> A party who seeks to maintain venue of the action in a particular county … has the burden to make proof, as provided in paragraph 3 of this rule, that venue is maintainable in the county of suit.

TEX.R.CIV.P. 87(2)(a). Rule 87(3)(a), however, states in relevant part as follows:

---

**1.** All parties agree that the defendants had no condemnation power over Maranatha's property.

*All venue facts, when properly pleaded, shall be taken as true unless specifically denied by the adverse party.* When a venue fact is specifically denied, the party pleading the venue fact must make prima facie proof of that venue fact ...

TEX.R.CIV.P. 87(3)(a) (emphasis added).

When a venue fact is specifically denied, the party pleading the venue fact must make prima facie proof of it. *Kimmell v. Leoffler*, 791 S.W.2d 648, 653 (Tex. App.–San Antonio 1990, writ denied). Here, Maranatha pled that specific defendants were foreign corporations with registered agents in Harris County, which are facts that, according to TEX.CIV.PRAC. & REM.CODE ANN. § 15.037, support venue in Harris County. None of the defendants "specifically denied" this properly pled venue fact.[2] We do not accept a statement such as "Defendant specifically denies those venue facts pleaded in Plaintiff's Original Petition that purport to establish venue in Harris County, Texas" to be a "specific denial." A "specific denial" calls for more than just the use of the words "We specifically deny." We hold that a "specific denial" of a venue fact requires that the fact *itself* be denied. In other words, when a plaintiff pleads that "Defendant X is a foreign corporation with a registered agent in Harris County," Defendant X, to "specifically deny" that venue fact, must make a point of denying that it is a foreign corporation with a registered agent in Harris County.

Because no specific denial was made by the defendants, Maranatha was not required to make prima facie proof of the venue fact; it should have been taken as true. TEX.R.CIV.P. 87(3)(a); *Kimmell*, 791 S.W.2d at 653.

The Harris County trial court erred in transferring venue to Chambers County.

We now consider whether the error was harmless, as the defendants contend. The defendants argue that venue was proper in Chambers County and that, as a result, any error in transferring Maranatha's suit there was harmless. We agree with the defendants that venue *would have been proper* in Chambers County had Maranatha brought suit there. Under TEX.CIV. PRAC. & REM.CODE ANN. § 15.037, venue would have been proper in Chambers County because (among other grounds) all or part of Maranatha's cause of action accrued there. The fact that venue would have been proper in Chambers County does not mean that the error in *transferring* venue there was harmless. The error here in transferring venue is not susceptible to a harmless error analysis at all.

In so holding, we respectfully disagree with the El Paso and Texarkana courts of appeals. The El Paso court, in *Lewis v. Exxon Co., U.S.A.*, 786 S.W.2d 724 (Tex. App.–El Paso 1989, writ denied), found harmless error where, as here, the case was transferred to a county where venue would have been proper had the suit been filed there. *Id.* at 728. The court wrote as follows:

> We reach this conclusion from the language of TEX.CIV.PRAC. & REM.CODE sec. 15.064(b) (Vernon 1986), which states:
>
> On appeal from the trial on the merits, *if venue was improper* it shall in no event be harmless error and shall be reversible error. In determining whether venue was or was not proper, the appellate court shall consider the entire record, including the trial on the merits.

*Id.* (emphasis in opinion). The court reasoned:

> Although Section 15.064(b) does not specifically cover the converse, the clear implication is that if it is concluded from the entire record that venue was proper in the county of trial, then the error, if any, of the trial court in which suit was filed, in incorrectly determining the ven-

---

2. One foreign corporation defendant, for example, specifically denied that it is a "natural person[ ] residing in Harris County" and that "a cause of action accrued in Harris County" and that "all or part of the causes of action upon which this suit is founded arose in Harris County." It did not, however, specifically deny that it is a foreign corporation with a registered agent in Harris County.

ue question may have been harmless and not reversible.

*Id.*

We agree with the observation of the Fort Worth court in *Cox Engineering v. Funston Mach. & Supply,* 749 S.W.2d 508, 511 (Tex.App.–Fort Worth 1988, no writ), that the question of whether it is reversible error to transfer a case from a county where venue is proper to another county where venue is also proper is not answered in section 15 or in its legislative history. *Id.* at 511, 511 n. 1. (The *Cox* court noted that the question was not before it. *Id.* at 511.) For the following reasons, we answer the question in the affirmative.

Although the general venue statute was largely designed to protect the defendant, the venue exceptions were designed to benefit the plaintiff. *Tieuel v. Southern Pacific Transp. Co.,* 654 S.W.2d 771, 774 (Tex.App.–Houston [14th Dist] 1983, no writ); *Warren v. Denison,* 531 S.W.2d 215, 217 (Tex.Civ.App.–Amarillo 1975, no writ). The plaintiff has the right to file suit in any permissible county. *Tieuel,* 654 S.W.2d at 775. If the plaintiff files suit in an impermissible county, he waives his option of where to file suit and the defendant may have the suit transferred to another county, as long as venue is proper in that other county. *Id.* If the plaintiff files suit in a permissible county, and the defendant moves to transfer venue to another permissible county, then the trial court must determine, on the basis of the pleadings and affidavits, if any, before it, whether venue should be transferred. *Kimmell,* 791 S.W.2d at 653. However, when the plaintiff files suit in a permissible county, and the trial court *wrongly* transfers venue to another county, even a permissible one, the plaintiff has lost his right to choose where to bring his suit. He has neither waived his option by filing in an impermissible county *nor* had his suit transferred because the defendant has properly shown that it should be. Yet, he has lost the right to bring suit in the permissible county of his choice. He has lost a right which he neither waived nor was rightfully divested of. The harmless error rule should not apply to such a circumstance. *Cf.* TEX.CIV.

PRAC. & REM.CODE ANN. § 15.064(b) (Vernon 1986) ( . . . if venue was improper it shall in no event be harmless error and shall be reversible error.).

One commentator has noted that the provision of section 15.064 which states that, if venue was improper, the transfer shall not be harmless error but shall be reversible error, "was intended to serve and does serve the beneficial purpose of placing parties at great risk if by fraud, negligence, oversight, or otherwise, venue is improper in the ultimate county of suit." Dan R. Price, *New Texas Venue Statute: Legislative History,* 15 St. Mary's L.J. 855, 879 (1983). A similar, parallel "beneficial purpose" will be served by our holding here. Parties who would otherwise be likely to knowingly assert faulty grounds for a transfer of venue will be less likely to do so if they face automatic reversal once it is determined on appeal that the transfer was erroneous. The function of section 15.064 is to "guard against forum shopping and other abuses or mistakes related to improper venue." *Id.* at 881. Our holding will guard against the forum shopping that occurs when a party intentionally asserts faulty, invalid grounds for a change of venue from one permissible county to another permissible county which he perceives as more favorable. The wrong we seek to correct is *not* a party properly seeking the most advantageous forum for the cause; that is no wrong at all. Rather, the wrong we seek to remedy is a party knowingly arguing invalid grounds to *effect* that purpose.

The Texarkana court, in *Lone Star Steel Co. v. Scott,* 759 S.W.2d 144, (Tex. App.–Texarkana 1988, writ denied), held that the trial court erred in failing to transfer the case when a motion was made on the ground of local prejudice, but found the error harmless. *Id.* at 147. The court noted that provisions of the mandatory transfer of venue rule, TEX.R.CIV.P. 258, may be waived by one in whose favor they would operate. *Id.* We do not agree that the fact that one can waive a right means that the wrongful loss of that right is

automatically susceptible to a harmless error analysis. Certain rights are so fundamental that their losses do not lend themselves to a harmless error analysis. We hold that a plaintiff's right to have his suit stay in the county in which he rightfully brought it, absent the rightful transfer of it to another county, is such a right.

The Harris County trial court erred in transferring venue to Chambers County. This error cannot be harmless. We sustain Maranatha's seventh point of error.

Having reached this conclusion, we do not issue an opinion on the issues raised in the summary judgment proceedings for the reason that such an opinion would amount to an "advisory opinion."

Accordingly, we reverse this judgment and remand the cause to the trial court with instructions to transfer it back to the Harris County trial court.