NUMBER 13-99-810-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

________________________________________________________________


AUSTIN RESOURCES CORPORATION, ET AL., Appellants,


v.


BRENT BAKER DRILLING, INC., Appellee.

________________________________________________________________


On appeal from the 135th District Court

of De Witt County, Texas.

_______________________________________________________________


O P I N I O N

Before Justices Dorsey, Castillo, and Kennedy (1)

Opinion by Justice Kennedy


Appellee contracted to drill an oil well for appellants. After the drilling of the well was successfully completed, a dispute
arose among the parties, and appellants refused to pay the total of the money called for in the contract. Appellants filed suit
in Harris County alleging negligent misrepresentation, fraud, breach of contract, and breach of warranty, and requesting
declaratory relief. Subsequently, appellee recorded a mineralmen's lien and filed a lawsuit in De Witt County which
alleged a breach of contract by appellants. Appellee responded to appellants' suit in Harris County, and filed a motion to
transfer venue to De Witt County, which motion was granted by the Harris County trial court. Appellants sought to abate
appellee's suit in De Witt County, however, its plea in abatement was denied. The two lawsuits, now pending in De Witt
County, were consolidated in De Witt County by the trial court there. The judge also realigned the parties to make appellee
plaintiff and appellant defendant.

Trial was to a jury in De Witt County and, based upon the jury's answers to special issues, the district court in De Witt
County entered a judgment in favor of appellee for breach of contract and foreclosure of appellee's lien against appellants'
lease interest in De Witt County.

Appellants' brief presents eight points of error, the first of which complains of transferring venue from Harris County to De
Witt County. Appellants' second point complains of the realignment of the parties. Appellee states in its brief that
appellants' points of error fairly state the issues on appeal.

A discussion of the facts, both those agreed upon and those in dispute, is in order. The parties agree that appellee tendered
a bid and secured a drilling contract in which certain specified equipment of appellee was to be used. Appellants allege that
appellee then offered reasons for wanting to substitute other equipment and that misrepresentations were made by appellee
in order to effectuate a change in the original contract. Appellants say that the negotiations of the original contract and the
negotiated changes were all made in Harris County. They argue, also, that their lawsuit is based upon fraud, and venue in
fraud cases lies where the fraud was perpetrated, or, more specifically, where the fraudulent statement was heard. This,
plus the fact that appellants filed their suit first, is the basis of appellants' claim of error in transferring venue to De Witt
County.

It is well settled that when suit would be proper in one or more counties, the court in which suit is first filed acquires
dominant jurisdiction to the exclusion of other courts. Defendants are simply not at liberty to decline to do battle in the
forum chosen by the plaintiff. Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245, 248 (Tex. 1988).

Appellee counters that its suit is an action to recover real property, i.e., an action for recovery of an estate, the mineral
estate, in real property, and that venue is governed by Section 15.011 of the Texas Civil Practices & Remedies Code. 
Further, they argue, Section 15.011 is a mandatory venue statute whereas appellant has only a permissive venue rule at its
disposal. Appellee cites Wichita County, Texas v. Hart, 917 S.W.2d 779 (Tex. 1996) for the proposition that a mandatory
venue statute trumps a permissive venue provision. If the plaintiff's chosen venue rests on a permissive venue statute and
the defendant files a meritorious motion to transfer based on a mandatory venue provision, the trial court must grant the
motion. Id. at 781.

Appellants challenge the assertion that appellee's suit to foreclose a lien is a lawsuit contemplated by Section 15.011. This
section reads:

Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove
encumbrances from the title to real property, or to quite title to real property shall be brought in the county in which all or a
part of the property is located.

Tex. Civ. Prac. and Rem. Code Ann. § 15.011 (Vernon 2001).

This court has held in Stiba v. Bowers, 756 S.W.2d 835 (Tex. App. - Corpus Christi 1988, no writ) that: "The ultimate or
dominant purpose of the suit determines whether or not it falls under this section and the mandatory venue provision is
inapplicable where the action in question involves title only incidentally or secondarily, and not directly." Id. at 839. From
this section, it appears that a suit to foreclose a lien on a mineral estate is not an action contemplated by the terms of
Section 15.011. We hold that it was error for the trial court to transfer venue from Harris County to De Witt County and
sustain appellants' first point of error.

Having found error in the transfer of venue to De Witt County, the cause will be reversed and remanded for new trial. Tex.
Civ. Prac. & Rem. Code Ann. § 15.064(b) (Vernon 1986). However, we must review those points of error which, if
sustained, would result in a rendition of judgment. Bradleys' Electric, Inc., v. Cigna Lloyds Insurance Co., 995 S.W.2d
675 (Tex. 1999); see Tex. R. App. P. 43.3. Appellant's point of error five challenges the legal sufficiency of the evidence,
which, if sustained, would result in rendering judgment for the appellant. Accordingly, point of error five must also be
addressed.

Point of error five is:

The trial court erred in denying [appellants'] motion to disregard the jury's answers to question number one because no
evidence supports the finding that [appellee] performed the drilling contract in a good and workmanlike manner with due
diligence and provided the equipment specified in the contract or as otherwise agreed to by the parties. In the alternative,
the trial court erred in denying [appellants'] motion for new trial because the evidence is factually insufficient to support the
jury's answer to question number one.

In reviewing a no evidence point, we will consider only the evidence and inferences tending to support the jury's findings
and we will disregard all contrary evidence and inferences. Dodd v. Texas Farm Products Co., 576 S.W.2d 812, 814 (Tex.
1979). In reviewing a factual insufficiency point, we will review all of the evidence, and set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and unjust. Maritime Overseas Corp.
v. Ellis, 971 S.W.2d 402, 407 (Tex. 1998). 

There is evidence in the record showing justification for various delays in the drilling. There is testimony that appellant
estimated thirty to thirty-five days to drill the well, that it took fifty-seven days to complete the well, but that twenty-six
days of delay were not appellee's fault. Tony Constantino, president of one of the appellants, admitted on
cross-examination that certain delays in the drilling of the well were not appellee's fault. He admitted that without these
delays a perfect well could have been drilled in thirty-five days, which is within the estimate of the number of days
appellants believed the well should have been drilled. There was testimony contrary to this, and we must leave the conflict
to the jury to determine.

As part of this point of error, appellants complain that there is no evidence that appellee provided the equipment called for
in the contract between the parties. It is undisputed that the drilling contract called for the use of certain equipment,
including a drilling rig identified as rig number five. It is likewise undisputed that rig number five was not provided. 
There was evidence that the substituted rig did not perform as well as rig five was capable of performing. However, in
view of the presence of evidence that the delay in completing the well was not the fault of appellee, as discussed above, we
cannot say that there was no evidence to support the jury's answer to special issue number one that appellee substantially
performed the drilling contract. We overrule point of error five.

Because the sustaining of appellant's first point of error attacking venue results in a remand for new trial, we also address
point of error two in order to provide guidance to the trial court in the event of re-trial. 

Point number two alleges error in the trial court's granting appellee's motion to realign itself as plaintiff because appellee
did not bear the burden of proof on the whole case and did not admit liability on appellee's claims. In support of this point,
appellants cite Rule 266 of the Texas Rules of Civil Procedure which accords to plaintiff the right to open and close unless:

. . . the burden of proof on the whole case under the pleadings rests upon the defendant, or unless the defendant or all of the
defendants, if there should be more than one, shall, after the issues of fact are settled and before the trial commences, admit
that the plaintiff is entitled to recover as set forth in the petition, except so far as he may be defeated, in whole or in part, by
the allegations of the answer constituting a good defense, which may be established on the trial; . . .

Appellee counters by saying that when appellants' plea in abatement was denied by the court in De Witt County, appellants
were estopped to assert the primary jurisdiction of the Harris County court.

First, we are of the opinion that the De Witt court erred in denying appellants' plea in abatement. When an inherent
interrelation of the subject matter exists in two pending lawsuits, a plea in abatement in the second action must be granted. 
It is not required that the exact issues and all the parties be included in the first action before the second is filed, provided
that the claim in the first suit may be amended to bring in all necessary and proper parties and issues. Wyatt, supra, at 247;
Curtis v. Gibbs, 511 S.W.2d 263, 267 (Tex. 1974).

Realignment of the parties is governed by Rule 266. We see no reason to depart from the wording thereof. The burden of
proof on the whole case did not rest upon appellee, nor did appellee admit that appellant was entitled to recover except so
far as he may be defeated by the allegations of the answer constituting a good defense.

We sustain appellants' second point of error.

Having found trial court error in granting the change of venue, we reverse the judgment of the trial court and remand the
case to the trial court for disposition in accord herewith. In view of the remand for new trial, we find it unnecessary to
consider and rule on points of error three, four, six, seven, and eight.

NOAH KENNEDY

Retired Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this the 28th day of June, 2001.

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).