# NO. 12-14-00057-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ELIZABETH VALENTINE BELFORD,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW #2* |
| *ADAM LEONHART,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Elizabeth Valentine Belford appeals the trial court's judgment against her and for Adam Leonhart. In two issues, Belford contends that the initial trial court improperly transferred venue and that, because venue was improperly transferred, the subsequent trial court lacked subject matter jurisdiction. We reverse and remand with instructions.

## PROCEDURAL BACKGROUND

Leonhart filed an action in Van Zandt County to recover damages he alleged that he sustained as a result of Belford's fraudulent conduct. Specifically, Leonhart contended that Belford had (1) instituted an action to terminate his parental rights to their child, (2) failed to inform Leonhart that his parental rights had been terminated, and (3) continued to receive child support payments from Leonhart. In his petition, Leonhart did not allege any facts establishing venue in Van Zandt County.

Belford filed a motion to transfer venue. She alleged that Leonhart's claims against her did not arise in Van Zandt County and that she was not a resident of Van Zandt County. She requested the trial court to transfer venue to the county of her residence, Cass County.

In his response to Belford's motion, Leonhart stated that he resided in Van Zandt County during the time Belford's alleged fraudulent conduct occurred. He also contended that Belford

had utilized the Smith County courts for her fraudulent conduct. Leonhart did not controvert Belford's assertion that she resided in Cass County. But if the trial court transferred the venue of the case, he sought transfer to Smith County rather than Cass County.

The trial court neither granted nor denied Belford's motion to transfer venue. Instead, it found "that pursuant to the parties' sworn pleadings, [Belford] filed suit and terminated [Leonhart's] parental rights in . . . Smith County. . . ." The trial court further found "that if fraud was committed it would have occurred in Smith County." The trial court then transferred the case to Smith County. The trial court did not make a finding as to whether either Van Zandt County or Cass County was a proper county for the venue of the case.

After the case was transferred to Smith County, Leonhart requested a setting for a civil hearing. The Smith County trial court set the case for "Final Hearing." Belford's counsel wrote a letter to the Smith County trial court in which he contended that the order of transfer from the Van Zandt County trial court is void and invalid and that the case should have been transferred to Cass County. Belford's counsel asked the Smith County trial court to cancel the scheduled "Final Hearing."

The Smith County trial court did not cancel the hearing. The matter was called, and Leonhart presented evidence that Belford had acted fraudulently. The Smith County trial court granted judgment for Leonhart and against Belford. This appeal followed.


## VENUE

In her first issue, Belford contends that the Van Zandt County trial court improperly transferred venue to Smith County.

## Applicable Law

In pertinent part, the general venue statute provides that, subject to certain exceptions, a lawsuit may be brought in the county of the defendant's residence at the time the cause of action accrued if the defendant is a natural person. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(2) (West 2002). The statute also provides that suit may be brought in the county where all or a substantial part of the events or omissions giving rise to the claim occurred. *See Id.* § 15.002(a)(1) (West 2002).

The rules of procedure prescribe the scope of the trial court's consideration in venue challenges. *See* TEX. R. CIV. P. 87. As the party filing the suit, the plaintiff initially chooses

venue. ***Wilson v. Tex. Parks & Wildlife Dep't***, 886 S.W.2d 259, 260 (Tex. 1994). And venue may be proper in more than one county. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 15.001-.040 (West 2002 & West Supp. 2014). If the defendant has an objection to the plaintiff's choice of venue, she must file a motion to transfer venue prior to or concurrently with any other pleading except a special appearance motion. TEX. R. CIV. P. 86(1). Thereafter, "[t]he court, on motion filed . . . , shall transfer an action to another county of proper venue if . . . the county in which the action is pending is not a proper county. . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 15.063(1) (West 2002).

As applicable to this case, the defendant in her motion to transfer venue must state that the county in which the action is pending is not a proper county and specify a county of proper venue to which the suit should be transferred. TEX. R. CIV. P. 86(3). Once a motion to transfer venue has been filed, the plaintiff has the burden of establishing that venue is proper in the county of suit. TEX. R. CIV. P. 87(2)-(3). "If the plaintiff fails to meet this burden, the trial court must transfer the lawsuit to another specified county of proper venue." ***Wilson***, 886 S.W.2d at 260. Under such circumstances, "the right to choose a proper venue passes to the defendant who must prove that venue is maintainable in the county to which transfer is sought." ***Id.*** at 260 n.1; *see also* ***Maranatha Temple, Inc. v. Enterprise Prods. Co.***, 833 S.W.2d 736, 741 (Tex. App.–Houston [1st Dist.] 1992, writ denied) ("If the plaintiff files suit in an impermissible county, he waives his option of where to file suit and the defendant may have the suit transferred to another county, as long as venue is proper in that other county."); ***Tenneco, Inc. v. Salyer***, 739 S.W.2d 448, 449 (Tex. App.—Corpus Christi 1987, orig. proceeding) (holding that plaintiff may not correct improper venue choice by filing motion to transfer venue). If the defendant fails to prove that her venue choice is proper, the trial court may direct the parties to make additional proof. *See* TEX. R. CIV. P. 87(3)(d). The trial court decides the motion to transfer venue on the basis of the pleadings, any stipulations of the parties, and affidavits and attachments filed by the parties. TEX. R. CIV. P. 87(3)(b).

The trial court has no authority to transfer venue to another county not specified by the defendant in her motion to transfer venue. ***In re Masonite Corp.***, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding) ("If the plaintiff fails to establish proper venue, the trial court must transfer venue to the county specified in the defendant's motion to transfer, provided that the defendant has requested transfer to another county of proper venue."); *see also* ***Robertson v.***

3

*Gregory*, 663 S.W.2d 4, 5 (Tex. App.—Houston [14th Dist.] 1983, orig. proceeding) ("Courts are without authority, *on their own motion*, to change venue in civil suits."). A party may appeal a venue ruling following the trial on the merits. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b) (West 2002). If venue was improper, "it shall in no event be harmless error and shall be reversible error." ***Id***.

**Application**

Here, Leonhart pleaded no venue facts in his petition. He filed a response to Belford's motion to transfer venue, but in his response, he failed to allege any proper basis for maintaining venue in Van Zandt County. He alleged only that he was a resident of Van Zandt County. But the residence of the plaintiff is not a proper county for venue. *See id.* § 15.002 (West 2002). Instead, because Belford, the only defendant, was not a resident of Van Zandt County, Leonhart needed to establish that Van Zandt County was the county where all or a substantial part of the events or omissions giving rise to the claim occurred in order for venue to be proper there. *See id.* § 15.002(a)(1) (West 2002). This he failed to do. Consequently, we agree with Belford, as apparently the Van Zandt Count trial court did, that Van Zandt County was not a proper county for venue of this case.

Having determined that venue was not proper in Van Zandt County, the Van Zandt County trial court was restricted to considering whether Cass County was a proper county for venue. *See* TEX. R. CIV. P. 87; *see also **In re Masonite Corp.***, 997 S.W.2d at 197. Belford provided uncontroverted proof that she was a resident of Cass County, and thus, that Cass County was a proper county for venue. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(2). Accordingly, venue should have been transferred to Cass County. *See* TEX. R. CIV. P. 87. The Van Zandt County trial court had no authority to transfer venue to Smith County. ***In re Masonite Corp***, 997 S.W.2d at 197. Because the case should not have been transferred to Smith County, we agree with Belford that venue was improper.[1]

---

[1] We recognize that generally, in determining whether venue was proper, the appellate court must consider the entire record, including the trial on the merits. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b) (West 2002). If there is any probative evidence in the entire record that venue was proper in the county where judgment was rendered, the appellate court then should uphold the trial court's determination. ***Ruiz v. Conoco, Inc.***, 868 S.W.2d 752, 758 (Tex. 1993). If there is no such evidence, the judgment should be reversed and the case remanded to the trial court. ***Id***. However, this case differs from the general rule because it never should have been transferred to Smith County. Therefore, there is no need to examine the record for evidence that Smith County was a county of proper venue for the case. *See **In re Masonite Corp.***, 997 S.W.2d 197.

We sustain Belford's first issue. Having sustained Belford's first issue, we need not address Belford's second issue. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

For the reasons set forth above, we have concluded that venue was not proper in Smith County. We therefore ***reverse*** the trial court's judgment and ***remand*** with instructions that the case be returned to the Van Zandt County trial court for further proceedings consistent with this opinion.

BRIAN HOYLE
Justice

Opinion delivered August 20, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 20, 2014**

**NO. 12-14-00057-CV**

**ELIZABETH VALENTINE BELFORD,**
Appellant
V.
**ADAM LEONHART,**
Appellee

Appeal from the County Court at Law No 2

of Smith County, Texas (Tr.Ct.No. 13-0420-DF)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court with instructions that the case be returned to the Van Zandt County trial court **for further proceedings;** that all costs of this appeal are hereby adjudged against the Appellee, **ADAM LEONHART,** in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*