# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00540-CV

**James A. Davis and Veronica L. Davis, Appellants**

**v.**

**State Farm Lloyds Texas and Gerald Krouse, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. D-1-GN-13-001724, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellants James A. Davis and Veronica L. Davis filed suit in Travis County related to claims made on their auto insurance policy and home insurance policy. The trial court later severed appellants' claims related to their automobile insurance and assigned those claims to a new trial court cause number. The appellants then filed two notices of appeal—one related to the newly created cause number, D-1-GN-13-001724, and one related to the original cause number, D-1-GN-12-004077. In each notice of appeal, the appellants purport to appeal a final summary judgment signed by the trial court on June 5, 2014.

Based on the record before us, it appears that the summary judgment that is the subject of both appeals was granted only in the original trial court cause number, D-1-GN-12-004077.[1]

---

[1] We have separately assigned appellate cause number 03-14-00546-CV to the appellant's appeal of the summary judgment signed on June 5, 2014, in trial court cause number D-1-GN-12-004077.

Consequently, the clerk of this Court notified the appellants by letter that it was unclear whether this Court has jurisdiction over this appeal from trial court cause number D-1-GN-13-001724. In response, the appellants informed the Court that they had filed a motion to transfer venue in the newly created cause and that it is the trial court's denial of this motion to transfer venue that they seek to appeal.

Unless a statute authorizes an interlocutory appeal, the jurisdiction of this court is limited to the review of final judgments. *See* Tex. Civ. Prac. & Rem. Code §§ 51.012, .014; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Based on the record before us, it appears that the trial court has not yet rendered a final judgment in trial court cause number D-1-GN-13-001724, and an interlocutory appeal from a venue determination is not generally permitted. *See* Tex. Civ. Prac. & Rem. Code § 15.064(a); Tex. R. Civ. P. 87(6); *see also In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding) ("Once a trial court has ruled on proper venue, that decision cannot be the subject of an interlocutory appeal."). As a result, this appeal is premature.

Further, to the extent that the appellants contend that their appeal is proper pursuant to Section 51.014(d) of the Texas Civil Practice and Remedies Code, we disagree. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d). Section 51.014(d) authorizes a trial court, by written order, to permit an appeal from an order that is not otherwise appealable when certain criteria are satisfied. *Id*. Nothing in the record before us indicates that the trial court has authorized an interlocutory appeal of any order in this case. Accordingly, we lack jurisdiction to consider, on direct appeal, the trial court's order denying the appellants' motion to transfer venue.

In the alternative, the appellants request that we treat their appeal as an attempt to invoke the jurisdiction of this Court by a writ of mandamus. *See* Tex. Gov't Code § 22.221; *see also*

Tex. R. App. P. 52.  We grant appellants' request and will construe appellants' notice of appeal and response to our jurisdictional inquiry as a petition for writ of mandamus.  *See CMH Homes v. Perez*, 340 S.W.3d 444, 454 (Tex. 2011) (construing appeal as petition for writ of mandamus).

"To be entitled to mandamus relief, a relator must demonstrate that (1) the trial court clearly abused its discretion, and (2) the relator has no adequate remedy by appeal."  *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding).  Here, appellants filed a motion to transfer venue challenging their own initial venue choice almost a year after filing their original petition.  Nothing in the venue statute or the Texas Rules of Civil Procedure provides that a plaintiff may correct his initial venue choice by filing a motion to transfer venue.  *See In re Masonite Corp.*, 997 S.W.2d 194, 197-98 (Tex. 1999) (orig. proceeding) ("The trial court had no discretion to, in effect, grant the plaintiffs a transfer of venue; the plaintiffs had the first choice, but not the second, of a proper venue."); *Tenneco, Inc. v. Salyer*, 739 S.W.2d 448, 449 (Tex. App.—Corpus Christi 1987, orig. proceeding) (holding plaintiff may not correct improper venue choice by filing motion to transfer venue).  In fact, under Rule 86(1) of the Rules of Civil Procedure, any challenge to improper venue must be made by a written motion filed before or concurrent with any other plea, pleading, or motion except a special appearance.  Tex. R. Civ. P. 86(1); *see Combined Specialty Ins. Co. v. Deese*, 266 S.W.3d 653, 666 (Tex. App.—Dallas 2008, no pet.) ("Even mandatory venue provisions can be waived."); *Maranatha Temple, Inc. v. Enterprise Prods. Co.*, 833 S.W.2d 736, 741 (Tex. App.—Houston [1st Dist.] 1992, writ denied) ("If the plaintiff files suit in an impermissible county, he waives his option of where to file suit . . . .").  Because the appellants have no right to challenge their initial venue choice, the trial court did not abuse its discretion in denying their motion to transfer venue.

Because we lack appellate jurisdiction to review the trial court's interlocutory venue ruling, we dismiss this appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a). Because appellants have not established that the trial court abused its discretion in denying their motion to transfer venue, the petition for writ of mandamus is denied. *See id*. R. 52.8(a).

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Appeal:   Dismissed for Want of Jurisdiction
Petition for Writ of Mandamus:   Denied

Filed:   November 26, 2014

4